[Filed June 21, 1892.]

## STATE OF OREGON *v.* EVAN CARVER.

CRIMINAL LAW—MURDER—DELIBERATE USE OF DEADLY WEAPON—PRESUMPTION.—The conclusive presumption of an intent to murder arising from the deliberate use of a deadly weapon causing death within a year, standing alone, will only sustain a conviction for murder in the second degree; and there must be some other proof of the deliberation and premeditation necessary to constitute murder in the first degree, before a defendant can be convicted of the latter crime.

Union county: JAMES A. FEE, Judge.

Defendant appeals. Reversed.

*R. Eakin,* for Appellant.

*Geo. E. Chamberlain,* attorney-general, for Respondent.

BEAN, J.—The defendant was indicted, tried, and convicted of the crime of murder in the first degree, for the killing of Francis La Bord on the twenty-seventh day of May, 1891, in Union county, by shooting him with a pistol. From this judgment he appeals, assigning as error the giving and refusal of certain instructions by the trial court. After instructing the jury that if the killing was done pur-

posely and maliciously, but without deliberation and pre-meditation, defendant is guilty of murder in the second degree, the court proceeds: "An intent to murder is con-clusively presumed from the deliberate use of a deadly weapon, causing death within a year. Hence, if you find from the evidence beyond a reasonable doubt that the defendant purposely and maliciously killed deceased by the deliberate use of a deadly weapon, causing death within a year, then your verdict should be guilty."

The defendant was indicted and on trial for murder in the first degree, and when the court used the word "guilty" in the instruction just quoted, the jury had a right to understand, and no doubt did understand, that if the kill-ing was done purposely and maliciously, by the deliberate use of a deadly weapon, the defendant was guilty, and should be convicted of the crime charged in the indict-ment. In this view, the instruction is manifestly erroneous. It authorized and directed the conviction of the defendant of murder in the first degree upon proof only of murder in the second degree. The instruction entirely omits all the necessary requisites and distinguishing features of murder in the first degree, and substitutes therefor the presumption arising from the deliberate use of a deadly weapon. It correctly defines murder in the second degree only, and yet the jury must have understood that if the case as stated in the instructions was shown by the evidence, they must find the defendant guilty as charged.

In order to constitute murder in the first degree, the killing must have been done of deliberate and premedi-tated malice. Under the express provisions of our statute, there must be some other evidence of malice than the mere proof of the killing, unless the killing was effected in the attempt to commit a felony, and the deliberation and pre-meditation must be evidenced by poisoning, lying in wait, or some other proof that the design was formed and matured in cool blood, and not hastily upon the occasion. (Hill's

Code, § 1727.) The distinguishing features of this crime are matters of proof, and not of legal presumption. From the simple act of killing by the deliberate use of a deadly weapon, where nothing else is shown, the law of this state raises a conclusive presumption of an intent to murder. (Hill's Code, § 775.) But this legal presumption goes no further than to establish what is necessary to constitute murder in the second degree. To raise the crime to the higher grade of murder in the first degree, there must be some proof that the act was committed of deliberate and premeditated malice. (*State* v. *Lane*, 64 Mo. 319; *State* v. *Evans*, 65 Mo. 574.) This proof need not be express or positive. It may be inferred from the circumstances. But the proof of an intention to kill and of the disposition of mind constituting murder in the first degree, must be shown by the evidence, either directly or by necessary inference. The existence of such a state of mind, as a matter of fact, cannot be the subject of a legal presumption or inference of law. In *Comw.* v. *Drum*, 58 Pa. St. 9, it was held that the legal presumption of malice, in any homicide, proves no more than what is necessary to constitute murder in the second degree, Mr. Justice Agnew saying: "He who takes the life of another with a deadly weapon, and with a manifest design thus to use it upon him, with sufficient time to deliberate, and fully to form the conscious purpose of killing, and without any sufficient reason or cause of extenuation, is guilty of murder in the first degree. All murder not of the first degree is necessarily of the second degree, and includes all unlawful killing under circumstances of depravity of heart, and a disposition of mind regardless of social duty, but where no intention to kill exists or can be reasonably or freely inferred. Therefore, in all cases of murder, if no intention to kill can be inferred or collected from the circumstances, the verdict must be murder in the second degree." The weapon used, and the manner of its use, are important facts for the con-

sideration of the jury in determining the degree of guilt, but are not conclusive evidence of deliberation and premeditation; nor is the deliberate use of such a weapon alone sufficient proof of the state of mind necessary to constitute murder in the first degree. "The statute has not declared that homicide effected by means of a deadly weapon," says HALLET, C. J., "shall be punished with death, but deliberate or premeditated homicide is so punishable; therefore, the ultimate point which the evidence must extend to and establish, is not the use of a deadly weapon, but the deliberation or premeditation with which the fatal act is done, and whether the intention is shown by evidence of antecedent menaces, former grudges, lying in wait, the means employed to effect the homicide, or any other circumstances which may give assurance of it, I think that it is to be submitted to the jury to find the fact under the direction of the law." (*Hill* v. *People*, 1 Col. 448.)

The presumption of an intent to murder, declared to be conclusive by our statute, from the deliberate use of a deadly weapon (section 775) has, therefore, no application to murder in the first degree, and goes no farther; but in order to constitute this crime, there must be some affirmative proof of deliberation and premeditation. When, therefore, the court substituted for this proof the statutory presumption arising from the deliberate use of a deadly weapon, it was prejudicial error, for which a new trial must be ordered.

There is no merit in the other assignments of error, and the definitions of deliberation and premeditation, as given by the court, are substantially the same as given by this court in *State* v. *Ah Lee*, 8 Or. 214. The law of self-defense was clearly and properly stated. The remarks of the district attorney, in his closing argument to the jury, to the effect that he had been advised that one of the jurors had formed and expressed an opinion concerning the merits of the case before being called and accepted as a juror, were certainly, although not so intended, calculated to injuriously

affect the rights and interests of the defendant, and for which it would seem from the record, as we view it, the trial court should have granted a new trial; but as no proper exception or assignment of error appears in the record, it presents no question for review here.

The judgment is reversed and a new trial ordered.