Argued July 21, decided August 3, 1909.

## STATE *v.* JANCIGAJ.

[103 Pac. 54.]

CRIMINAL LAW—APPEAL—REVIEW OF INSTRUCTIONS—RECORD.

1. Where the evidence is not in the record, the court must assume that instructions correctly stating the law were justified by the evidence possible under the pleadings; but, where no possible state of the evidence justified the instructions, the giving of them was error.

CRIMINAL LAW—INSTRUCTIONS—CONSTRUCTION AS A WHOLE—"DELIBERATE"—PRESUMPTIONS AS TO MALICE.

2. Under Section 787, B. & C. Comp., providing that an intent to murder arises from the deliberate use of a deadly weapon, causing death, etc., and Section 1754, relating to the evidence of malice and premeditation in murder in the first degree, an instruction that the law conclusively presumes malice "from the deliberate and unlawful use of a deadly weapon," but does not conclusively presume that the killing is murder in any degree, followed by a charge that to constitute murder in the first degree there must be some other evidence than the mere fact of killing, sufficiently protects the rights of accused, relying on the defense of insanity, for the word "deliberate" means to weigh the motives for an act, its consequences, the nature of the crime, or the things connected with the intention, with a view to a decision thereon and implies that accused was capable of the exercise of mental powers.

From Clackamas: THOMAS A. MCBRIDE, Judge.

The defendant, Math Jancigaj, was indicted, tried, and convicted of the crime of murder in the first degree, and from the judgment and sentence which followed, he appeals.          AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dimick & Dimick,* and *Mr. James U. Campbell,* with oral arguments by *Mr. W. A. Dimick* and *Mr. Campbell.*

For the State there was a brief and an oral argument by *Mr. Edmund B. Tongue,* District Attorney.

Mr. Justice Slater delivered the opinion of the court.

The defendant was indicted, tried, and convicted of murder in the first degree for the killing of Mary Smrekar on the 11th day of July, 1908, by shooting her with a pistol, and from the judgment thereon he has appealed.

1. The trial court gave this instruction:

"The law conclusively presumes malice from the deliberate and unlawful use of a deadly weapon causing death within a year."

The defendant excepted to the instruction and requested the court also to add to and give as a part thereof the following:

"But this conclusive presumption, standing alone, is insufficient to sustain a verdict of murder in the first degree."

The court refused to instruct as requested, but gave this:

"The law conclusively presumes malice from the deliberate and unlawful use of a deadly weapon causing death within a year; but it does not conclusively presume that the killing under such circumstances is murder in the first degree, or in any degree. (To counsel) I think this covers your suggestion. (To the jury) The law does not presume the degree of the offense from the mere fact of the deliberate unlawful use of a weapon."

And to this instruction defendant also excepted. The giving of these instructions, and the exceptions taken, comprehend the entire matter set forth in the bill of exceptions; but there is attached as an exhibit so much of the instructions of the court as pertained to defining

the necessary elements of the different degrees of murder, of manslaughter, and of malice. No part of the evidence adduced at the trial is given, nor the import or tendency thereof. Under such a state of the record, the appellate court must assume, so far as the correctness of the instructions given is to be determined by reference to facts proved at the trial, that such evidence was given and such facts established as justified the giving of the instructions. *State* v. *Yan Yan,* 10 Or. 365; *State* v. *Magers,* 35 Or. 520, 527 (57 Pac. 197). And if the instruction upon which error is based contains a correct statement of the law and is applicable to some state of the case possible under the pleadings, error cannot be based thereon; but if upon no state of the evidence which can be supposed to have been before the court and jury would the charge have been a correct statement of the law, then the giving of such charge would constitute error. *Keating* v. *State,* 44 Ind. 450; *Parker* v. *Montieth,* 7 Or. 277.

2. The statute (subdivisions 1 and 2, Section 787, B. & C. Comp.) provides that the following presumptions, among others, are deemed conclusive:

"(1) An intent to murder, from the deliberate use of a deadly weapon, causing death within a year; (2) a malicious and guilty intent, from the deliberate commission of an unlawful act, for the purpose of injuring another."

In *State* v. *Carver,* 22 Or. 602 (30 Pac. 315), where the defendant was charged with the crime of murder in the first degree, this court considered the effect of the first of these presumptions in connection with Section 1754, B. & C. Comp., which provides that:

"There shall be some other evidence of malice than the mere proof of the killing to constitute murder in the first degree, unless the killing was effected in the commission or attempt to commit a felony; and deliberation and premeditation, when necessary to constitute murder in the first degree, shall be evidenced by poisoning, lying in wait, or some other proof that the design was formed

and matured in cool blood, and not hastily upon the occasion."

It was there held that the presumption of an intent to murder declared to be conclusive by the statute applies only to murder in the second degree, and has no application to murder in the first degree; but to constitute proof of this crime there must be some affirmative evidence of deliberation and premeditation. And in *State* v. *Gibson,* 43 Or. 184 (73 Pac. 333), it was held that the provisions of Section 1754, B. & C. Comp., are a limitation upon the presumption declared by the statute, and confine its operation to murder in the second degree; but it was also held in that case that, even as to that degree of crime, the presumption there declared is not always conclusive of the intent, but is so only when nothing else appears in evidence either to justify or excuse the act, that it was intended to apply only where the mere fact of the killing with a deadly weapon deliberately used is shown, without else to modify or explain the act, and, when there is evidence tending to rebut the presumption, it becomes a matter for the jury to determine. The instruction, of which complaint is made in the case at bar, is not in the language of the statute, nor is it by any means so comprehensive. "An intent to murder" is the presumption raised by the statute; but that of the instruction given is only "malice," not premeditated malice necessary to murder in the first degree, but malice present at the commission of the act, an element of murder in the second degree. By the statute the presumption of "intent to murder" is raised from the deliberate use of a deadly weapon causing death within a year, while by the instruction given the presumption of "malice" was said to follow from proof of the deliberate and unlawful use of a deadly weapon, etc. By the addition of the word "unlawful," the court materially relaxed the severity of the statute upon the defendant, and safeguarded his rights, because the pre-

sumption spoken of could not be said to exist, until the jury had found from the evidence an unlawful use of a deadly weapon.

Moreover, to further guard the rights of the defendant, and in lieu of the suggestion of his counsel, the court modified the instruction as first given, by adding to it that the law "does not conclusively presume that the killing under such circumstances is murder in the first degree, or in any degree." This of itself was sufficient to eliminate any possible error. *State* v. *Bartmess,* 33 Or. 110, 130 (54 Pac. 167). On the other hand, when giving the elements necessary to establish murder in the first degree, the court was careful that there should be no misapprehension in the minds of the jury in relying upon any presumption of malice when considering that degree of crime, for they were instructed that the law also requires, in order to constitute murder in the first degree, that there shall be some other evidence than the mere fact of the killing, to wit, that the design had been formed and matured in cool blood, and not hastily on the occasion; and, unless it was so formed and matured in cool blood, there could be no murder in the first degree. The instruction complained of, not only by its terms, but when taken in connection with the remainder of the charge, was clearly limited to degrees of crime less than murder in the first degree.

It is urged, however, that, as the defense of insanity was interposed, there must have been some evidence to modify and explain the act, and therefore to rebut the presumption of malice, and for that reason, under the rule announced in *State* v. *Gibson,* 43 Or. 184 (73 Pac. 333), the existence of malice was a question for the jury to weigh and determine, and not one of law for the court, and that the giving of the instruction was inappropriate and erroneous. The portion of the instructions appended to the bill of exceptions as Exhibit A contains some propositions of law applicable to such a

defense said therein to be "among the defenses suggested in this case." If the giving of such instructions had been excepted to and were assailed here as constituting error, we would be bound to assume, in the absence of any evidence in the record, that there was evidence of that character introduced; but, giving the defendant the benefit of the assumption that evidence of that character was offered, yet we think the instruction of which complaint is made was so framed as to exclude the indulgence of the presumption, if such were the case. The act constituting the basis of the presumption must have been deliberate; that is, accompanied by such circumstances as evidence a mind fully conscious of its own purpose and design. Anderson's Law Dict., title, "Deliberation": *Commonwealth* v. *Drum,* 58 Pa. 9, 16. To "deliberate" is to weigh the motives for the act, its consequences, the nature of the crime, or the things connected with the intention, with a view to a decision thereon. It implies that the perpetrator must be capable of the exercise of such mental powers as are called into use by the consideration and weighing of the motives and the consquences of the act, and it implies the possession of a mind capable of conceiving a purpose to act. Words and Phrases, vol 2, p. 1953. The effect of the instruction therefore was to require of the jury the consideration of any evidence that might have been offered which tended to support such a defense, and to find against the defendant thereon, before the presumption of malice could be indulged.

It necessarily follows from these considerations that the judgment must be affirmed, and it is so ordered.

AFFIRMED.

MR. JUSTICE MCBRIDE, having presided in the trial below, did not participate in this decision.