**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**CARMELO RAMOS LOPEZ, Appellant**

No. 71-2016

United States Court of Appeals

Third Circuit

Argued January 27, 1972

Decided February 22, 1972

JORGE RODRIGUEZ, ESQ., Charlotte Amalie, St. Thomas, V.I., *for appellant*

CARL S. RAUH, ESQ., Assistant Deputy Attorney General, Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, ALDISERT and GIBBONS, *Circuit Judges*

OPINION OF THE COURT

## PER CURIAM:

■ The defendant-appellant Lopez was sentenced to ten years in prison by the District Court of the Virgin Islands Division of St. Thomas and St. John for violation of 19 V.I.C. § 604(a)(1), which prohibits knowing or intentional possession of controlled substances with the intention of manufacturing, distributing or dispensing the same. The information charged him with such possession of cocaine, a controlled substance. On this appeal Lopez contends that the district court erred in admitting the cocaine in evidence because it had been illegally seized by the Virgin Islands police. The cocaine was seized during a search of Lopez' home in execution of a search warrant issued by a judge of the Municipal Court of the Virgin Islands. Lopez contends that the affidavit upon which the issuing judge acted was insufficient to meet the standards of Spinelli v. United States, 393 U.S. 410 (1969); Aguilar v. Texas, 378 U.S. 108 (1964) and Jones v. United States, 362 U.S. 257 (1960). The affidavit refers to information

received from an informer. Both the reasons supporting the informer's probable reliability and the reasons supporting the probable truth of his assertion of the presence of contraband at Lopez' home are set forth in detail. These are, moreover, reinforced by observations made by the affiant himself which strongly suggest that Lopez was dealing in a controlled substance. See United States v. Singleton, 439 F.2d 381, 384 (3rd Cir. 1971). The judge of the Municipal Court had probable cause to issue the search warrant.

█ Next Lopez contends that since the warrant directed the officers to search for heroin it was improper for them to seize a white powder which he described then as milk sugar, but which on analysis turned out to be cocaine. The contraband was found during a search within the scope permitted by the search warrant and was properly seized. See, e.g., Harris v. United States, 331 U.S. 145, 154 (1947); United States v. Horton, 328 F.2d 132 (3rd Cir. 1964), cert. denied, Edgar v. United States, 377 U.S. 970 (1964). See generally Coolidge v. New Hampshire, 403 U.S. 443, 464–68 (1971).

Finally Lopez contends that the chain of possession of the substance seized was not established sufficiently to warrant its admission at trial, and that in fact the officers had substituted cocaine for milk sugar. The conclusion of the district court that the chain of possession was established is clearly supported by the record, and the suggestion that the police switched substances is supported solely by the defendant's assertion that he possessed only milk sugar.

The judgment of the District Court of the Virgin Islands Division of St. Thomas and St. John will be affirmed.