Argued October 31, affirmed November 19, 1973

# STATE OF OREGON, *Respondent, v.* DONALD WAYNE OLSON (No. 72 3630), *Appellant.*

515 P2d 1342

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and THORNTON and TANZER, Judges.

THORNTON, J.

Defendant was convicted after a bench trial of criminal activity in drugs (selling LSD), in violation of ORS 167.207. The evidence was obtained through a 'buy' made by an undercover officer and a subsequent search made pursuant to a search warrant.

Defendant appeals, contending that the trial court erred: (1) in denying his motion to suppress; (2) in denying his motion for a judgment of acquittal; and (3) in admitting two plastic bags containing LSD powder.

The thrust of defendant's argument in support of his first assignment is that since the search warrant authorized the officers to search for "marihuana and evidence of its possession" the officers could not search for and seize LSD and paraphernalia allegedly used to convert LSD tablets into powder.

The evidence was that Officer Ziebert discovered the items relating to LSD while he was searching for the marihuana described in the affidavit.

Defendant contends that the term "* * * evidence of its possession" used in the warrant is overbroad. This contention is without merit. *State v. Ronniger,* 7 Or App 447, 453, 492 P2d 298 (1971).

■ Further, we find nothing in the record to indicate the scope of the search exceeded that authorized by the warrant. *Cf., State v. Sagner,* 12 Or App 459, 506 P2d 510, Sup Ct *review denied* (1973). It is well settled that evidence of another crime discovered in the execution of a search warrant directed to other items may be seized also. *State v. Ronniger,* supra at 455; *State v. Spicer,* 3 Or App 120, 473 P2d 147 (1970).

■ Defendant's second assignment, that the trial court erred in denying defendant's motion for a judgment of acquittal, is likewise without merit. There was ample evidence from which the finder of fact could reasonably conclude (1) that defendant was present with the co-seller at the time of the sale of the LSD, and (2) after the arrest approximately $400 of positively identified currency paid by the undercover officer for the LSD was found in defendant's wallet. The officers failed to recover an additional $125 paid for the drugs. We conclude that the state produced sufficient evidence that the defendant aided, abetted and participated in the crime charged. *State v. Zauner,* 250 Or 105, 109-10, 441 P2d 85 (1968); *State v. Wright,* 12 Or App 73, 77, 504 P2d 1065, Sup Ct *review denied* (1973).

Defendant's final assignment of error involves a claimed "gap" in the chain of custody of two plastic bags containing LSD powder which were admitted into evidence.

Without detailing the individual steps involved, we will state that we have examined the entire transcript and are satisfied that the state properly accounted for the custody of these two items from the time of the undercover purchase to their delivery to

the laboratory chemist for analysis, and thence to the courtroom for their use in the trial. The undercover officer properly identified the bags as those he had purchased and the chemist properly identified them as those which contained the powder she had tested. We conclude that the identification criteria set forth in *State v. Anderson,* 242 Or 368, 373-74, 409 P2d 681 (1966), were met. *See also, State v. Dodd,* 4 Or App 371, 372, 479 P2d 243 (1971); *State v. Winslow,* 3 Or App 140, 472 P2d 852 (1970). Moreover, the chemist's identification and testimony as to these exhibits relate to the contents of the bags as of the time the officer brought them to her for analysis. The materiality and reliability of her testimony are unaffected by any dispute as to the chain of custody at a later time.

Affirmed.