544 P.2d 1184

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**George ALDERETE, Jr., Defendant-Appellee.**

**No. 2265.**

Court of Appeals of New Mexico.

Jan. 6, 1976.

**620**

———◆———

James L. Brandenburg, Dist. Atty., James F. Blackmer, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The trial court suppressed certain evidence taken from defendant's residence on the basis that the "search and seizure of the evidence taken was beyond the scope of the consent" given by defendant. The State appeals.

We are not concerned with the authority of the officers to conduct a search of defendant's premises. The unchallenged findings of the trial court are to the effect that defendant voluntarily gave his written consent to search. Nor are we concerned with the premises searched. The consent was to search a house at a designated address. The evidence suppressed was found inside the house. The consent given by defendant was limited to a search for heroin. The evidence suppressed was not heroin. The items seized during the search were amphetamines and methadone. The issue is whether the officers could lawfully seize amphetamines and methadone when their search was pursuant to defendant's consent to search for heroin.

No claim is made that the amphetamines and the methadone were not items unlawfully possessed under our Controlled Substances Act. See § 54–11–1, N.M.S.A. 1953 (Repl.Vol. 8, pt. 2, Supp.1973).

Defendant claims the contraband was seized pursuant to a prohibited general search. The trial court's unchallenged findings are to the effect that the contraband was discovered and seized during the course of the unsuccessful search for heroin. There is nothing indicating the search was a general search.

■ Defendant asserts that the officers had no reason or no probable cause to seize the contraband because the fact that the items were contraband was "not apparent on a mere surface inspection". Compare *State v. Paul,* 80 N.M. 521, 458 P.2d 596 (Ct.App.1969), cert. denied, 397 U.S. 1044, 90 S.Ct. 1354, 25 L.Ed.2d 654 (1970). No such contention was raised in defendant's motion to suppress nor did the trial court rule on such a contention. The State asserts that such evidence was before the trial court and that this Court cannot properly consider whether the officers had cause for seizing the contraband without that evidence being before us for review. We agree with the State. This case was assigned to the legal calendar on the basis of a docketing statement which identified the appellate issue as the "scope of consent" ruling by the trial court. See N.M. Crim.App. 205 and 207(c). The issue of "cause" for seizure of the contraband is not before us for review. N.M.Crim.App. 308.

■ The State asserts that the contraband was properly seized because during the officers' search for heroin the contraband was discovered in "plain view". The trial court correctly ruled to the contrary. The contraband was discovered when officers opened a cedar chest, a metal pill box in a purse, and an overnight case while searching for heroin. The "plain view" doctrine does not justify seizure of the contraband in this case. See *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

■ The contraband was subject to seizure. *Coolidge v. New Hampshire,* supra; *Warden, Maryland Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). The question is whether the sei-

zure was permissible under the facts of this case.

*Abel v. United States,* 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) states:

"When an article subject to lawful seizure properly comes into an officer's possession in the course of a lawful search it would be entirely without reason to say that he must return it because it was not one of the things it was his business to look for."

New Mexico decisions have applied the quotation from *Abel,* supra, where the evidence seized was incident to a lawful arrest—*State v. Ramirez,* 79 N.M. 475, 444 P.2d 986 (1968); *State v. Slicker,* 79 N.M. 677, 448 P.2d 478 (Ct.App.1968) and where the evidence seized was in the course of a lawful search pursuant to a search warrant —*State v. Carlton,* 82 N.M. 537, 484 P.2d 757 (Ct.App.1971). The rule is no different where drugs are involved. Where the search is for one drug and a second drug is discovered, seizure of the second drug is lawful. *United States v. Pacelli,* 470 F.2d 67 (2d Cir. 1972), cert. denied, 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973); *State v. Davenport,* 55 Haw. 90, 516 P.2d 65 (1973); *State v. Olson,* 15 Or.App. 393, 515 P.2d 1342 (1973). Contraband found during a search within the scope permitted by the search warrant was properly seized. *Government of Virgin Islands v. Lopez,* 459 F.2d 5 (3rd Cir. 1972).

The rule is not different when the item seized is discovered during the course of a consent search. The scope of a consent search is limited, and determined, by the actual consent given. "Where permission has been given to search for a particular object, the ensuing search remains valid as long as its scope is consistent with an effort to locate that object. . . . [O]ther evidence observed in the course of such a lawful search may also be seized." *State v. Koucoules,* Me., 343 A.2d 860 (1974); see *United States v. Dichiarinte,* 445 F.2d 126 (7th Cir. 1971).

Defendant consented to a search for heroin. There is no claim that the search for heroin was in impermissible areas. While searching for heroin the officers found the contraband in question. The *search* being within the scope of the consent given, the officers could lawfully *seize* contraband discovered during that search.

The order suppressing the evidence is reversed; the cause is remanded for trial.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.