565 P.2d 1053

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 2918.**

Court of Appeals of New Mexico.

May 24, 1977.

Donald C. Schutte, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal from a judgment of the Children's Court concerns the probation of a delinquent child. We discuss: 1. Amendment of the petition to revoke probation. 2. The terms of probation, and 3. Double jeopardy.

The original petition charged the child with assault and criminal damage to property. On *June 8, 1976,* the child was found to have committed the delinquent acts charged, and was found to be a delinquent child and in need of care or rehabilitation. The child was placed on probation from June 1, 1976 through June 1, 1977, and ordered to "execute forwith and abide by all conditions of the Juvenile Probation Agreement within the Second Judicial District, Bernalillo County, New Mexico."

In September 1976, a petition to revoke probation was filed which charged that the child had committed assault. The child admitted the charge. A judgment of *November 4, 1976,* found that the child was delinquent and in need of care or rehabilitation. This judgment authorized the child to "relocate to Las Vegas, Nevada" to live with relatives until the child's mother joined him there. The judgment also provides:

"Ordered that said Child be continued on probation for a period of one (1) year, effective September 16, 1976, until September 16, 1977, which probation is to be transferred through the Interstate Compact Services to Las Vegas, Nevada. Terms and conditions of said Child's probation shall be negotiated with Probation Services in Las Vegas, Nevada."

If the child went to Nevada, he wasn't there very long. A petition to revoke probation, filed *January 21, 1977,* charged that the child committed aggravated burglary in Bernalillo County on *November 26, 1976.* An amended petition was filed *February 23, 1977.* A judgment of March 3, 1977, found that the child committed the delinquent act of aggravated burglary and made the other necessary findings. The judgment committed the child to the Department of Corrections at Springer for a full term commitment.

*Amendment of the petition to revoke.*

The amended petition of February 1977 amended the January 1977 petition; the amended petition was filed on the day set for hearing the January 1977 petition. We have assumed that the child had no advance notice that the amended petition would be filed. The amended petition was heard on February 23, 1977, and is the basis for the March 1977 judgment.

The child contends the amended petition of February 1977, charged a different offense than the petition of January 1977. See Children's Court Rule 4(e). This is incorrect; both charged that the child committed aggravated burglary in Bernalillo County, on November 26, 1976.

The child contends the amended petition substantially changed the allegations against the child. He points out that the January 1977 petition charged a violation of the November 1976 probation while the February 1977 amended petition charged a violation of the probation of June 1976.

Children's Court Rule 4(d) states:

" . . . No pleading shall be deemed invalid, nor shall the inquiry, hearing, judgment or other proceeding thereon be stayed, arrested or in any manner affected because of any defect, error, omission, imperfection or inconsistency therein which does not prejudice the substantial rights of the respondent on the merits. The court may at any time prior to an adjudication on the merits cause the pleadings to be amended to cure errors, defects, omissions, imperfections or variances if substantial rights of the respondent are not prejudiced. Upon ordering such an amendment of a petition or other pleading, the court shall grant a continuance to any party whose ability to present his case has been affected by the amendment."

There are two variations.

(a) Both the January 1977 petition and the February 1977 petition had attached thereto the probation agreement signed by the child in June 1976. This was the probation agreement entered in conformity to the June 8, 1976 order. The January 1977 petition referred to probation of November 1976; the amended petition changed this reference to June 1976. The misreference to probation in November 1976 is not significant because the June probation agreement was attached.

(b) The January 1977 petition did not refer to a specific probation term alleged to have been violated; the February 1977 petition identifies a specific probation violation. However, the specific probation violation in the January petition is obvious because aggravated burglary was charged. The probation violation in both the January and February petitions was a failure to comply with State law.

These two variations did not amount to a substantial change and there is nothing showing the child's ability to present his case was affected by the amended petition. Children's Court Rule 4(d) was not violated; there was no error in allowing the amended petition to be filed on February 23, 1977.

Defendant argues that the June and November probations were significantly different. This is incorrect; the contention will be discussed in the following point.

*Terms of Probation.*

The June 1976 probation agreement contains specific terms and conditions. As previously pointed out, one provision required the child to comply with State laws. This provision was violated when the child committed aggravated burglary.

The child asserts the November probation order altered the June probation agreement when it provided that the terms and conditions of probation were to be negotiated with probation services in Nevada. The child contends this provision was a substantial change in the terms and conditions of his probation.

The child also claims that no probation agreement was entered in Nevada. Absent such an agreement, the child contends there were no terms and conditions for him to violate and his aggravated burglary was not a violation of probation. A logical consequence of this argument is that the aggravated burglary should have been handled as an original petition rather than as a probation violation.

Neither argument recognizes what the court ordered in this case. The November order states that the child was to "be continued on probation." What probation was to be continued? The probation agreement of June 1976. The November 1976 order states that probation "is to be transferred" to Nevada. Section 13–16–1, Art. 7, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). There is nothing indicating such transfer ever took place.

Until such time as the child's probation was transferred to Nevada and a new pro-

bation agreement entered there, the June 1976 probation agreement was in effect. There had been no change in the child's June probation agreement, because the change authorized by the court never occurred. Because the change never occurred, the child was subject to the provision in the June agreement that he was not to violate State law.

*Double Jeopardy.*

■ The judgment of March 1977 revoked the probation granted June 1976 and ordered the child's commitment. The child claims this placed him in double jeopardy. His theory is that his probation had been revoked in November 1976, and a second revocation amounts to double punishment for the same offense, which is double jeopardy. *State v. McAfee,* 78 N.M. 108, 428 P.2d 647 (1967). We have previously pointed out that probation was not revoked in November 1976; rather it was continued. The only revocation occurred in March 1977. To the extent the child's contention is based on two revocations, it has no factual basis.

The June 1976 probation was from June 1, 1976, through June 1, 1977. The November 1976 order continued the child's probation for a period from September 16, 1976, until September 16, 1977. This was a change in the length of the child's probation. The child asserts this increase in the length of probation and the subsequent commitment amounts to prohibited double punishment.

■ The State asserts the double jeopardy question is not before us because it was raised neither in the Children's Court nor in the docketing statement. See *Matter of Doe,* 89 N.M. 83, 547 P.2d 566 (Ct. App.1976); *State v. Alderete,* 88 N.M. 619, 544 P.2d 1184 (1976). Ordinarily, we would agree with the State. However, § 40A–1–10, N.M.S.A.1953 (2nd Repl. Vol. 6), states that the defense of double jeopardy may not be waived and may be raised at any stage of a criminal prosecution. We assume that § 40A–1–10, supra, applies to Children's Court proceedings involving a delinquent child. See N.M. Crim.App. 101.

This assumption, however, raises the question of whether § 40A–1–10, supra, is unconstitutional, in that it is a legislative attempt to regulate court procedure. See *Matter of Doe,* 88 N.M. 644, 545 P.2d 1022 (Ct.App.1976); Compare *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976). We need not resolve this problem. The double jeopardy question based on multiple probation revocation proceedings affects the interest of the State at large. On that basis, it is properly before us for review. *State v. Pacheco,* 85 N.M. 778, 517 P.2d 1304 (Ct.App.1973); See N.M. Crim.App. 308.

The double jeopardy concept involved is double punishment for the same offense. *State v. McAfee,* supra; compare *State v. Tanton,* 88 N.M. 333, 540 P.2d 813 (1975). The November 1976 extension of probation was not for the assault and criminal damage to property involved in the original petition; rather, the extension was because of an assault committed in September 1976. The March 1977 commitment was for the aggravated burglary committed in November 1976. The child twice violated the terms of his probation. The facts show the violations were separate matters; there has not been double punishment for the same offense. Double jeopardy has not been violated.

The judgment and commitment are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.