Argued and submitted February 11, affirmed in part; fines vacated;
sentences on the marijuana possession counts vacated; remanded for
resentencing November 2, 1981, reconsideration denied January 28,
petition for review allowed February 17, 1982 (292 Or 581)
See later issue Oregon Reports

# STATE OF OREGON,
*Respondent,*

*v.*

# RUSSELL BRIAN NESS,
*Appellant.*

## (No. 10-79-04277, CA 17831)

635 P2d 1025

Robert J. McCrea, Eugene, argued the cause for appellant. With him on the brief was Morrow, McCrea & Divita, P.C., Eugene.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a judgment of conviction on seven counts of unlawful possession of a controlled substance and two counts of unlawful manufacture of a controlled substance. ORS 475.992.[1] He contends the trial court erred: (1) in denying his motion to suppress, (2) in giving jury instructions prior to closing arguments, (3) in instructing the jury, (4) in sentencing him on each of the separate counts of manufacturing and possession of a controlled substance, (5) in imposing a fine of $4,000, and (6) in imposing an excessive sentence.

### FACTS

At 1:30 a.m. on April 11, 1979, police executed a search warrant at defendant's residence in Creswell. No sounds, lights or other evidence of activity emanated from the house. The occupants of the house were asleep. The warrant authorized a search for marijuana and "evidence of its use and possession." During the search, police seized contraband and $2,900 in cash. Defendant subsequently was charged with two counts of manufacturing and seven counts of possession of controlled substances. After his motion to suppress was denied, a jury found him guilty on all nine counts.

The trial court sentenced defendant to imprisonment not to exceed five years on each of the two manufacturing counts, the sentences to run concurrently, and not to exceed five years on each of the seven possession counts, those sentences to run concurrently, but *consecutive* to the manufacturing sentences. The court set a three-year minimum term before parole. ORS 144.110(1). The prosecutor recommended that the seized $2,900 be forfeited as money gained through the commission of a felony and that, in

---

[1] ORS 475.992 provides in part:

"* * * [I]t is unlawful for any person to manufacture or deliver a controlled substance. * * *

"* * * * *

"(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized [by law]. * * *"

addition, a fine of $1,100 be imposed. ORS 161.625.[2] The court thereupon assessed a fine of $4,000 "as recommended by the State."

## MOTION TO SUPPRESS

■ Defendant contends that his motion to suppress should have been allowed on three grounds. First, he argues that the language of the warrant allowing for a search for marijuana or "evidence of its use or possession" was overbroad and thus in violation of the particularity requirement of both our state and federal constitutions.[3] There is no merit to this contention. *State v. Olson,* 15 Or App 393, 515 P2d 1342 (1973).[4]

[2] ORS 161.625 provides in part:

"* * * * *

"(3) If a person has gained money or property through the commission of a felony, then upon conviction thereof the court, in lieu of imposing the fine authorized for the crime under subsection (1) or (2) of this section, may sentence the defendant to pay an amount, fixed by the court, not exceeding double the amount of the defendant's gain from the commission of the crime.

"(4) As used in this section, 'gain' means the amount of money or the value of property derived from the commission of the felony, less the amount of money or the value of property returned to the victim of the crime or seized by or surrendered to lawful authority before the time sentence is imposed. 'Value' shall be determined by the standards established in ORS 164.115.

"(5) When the court imposes a fine for a felony the court shall make a finding as to the amount of the defendant's gain from the crime. If the record does not contain sufficient evidence to support a finding the court may conduct a hearing upon the issue.

"* * * * *"

[3] Art 1, § 9, Oregon Constitution:

"No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure; and no warrant shall issue but upon probable cause, supported by oath, or affirmation, and *particularly describing the* place to be searched, and the person or *thing to be seized."* (Emphasis added.)

Fourteenth Amendment to the United States Constitution:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing the* place to be searched, and the persons or *things to be seized."* (Emphasis added.)

[4] Even if the words "evidence of its use or possession" made the warrant overbroad, the seizure of the marijuana was authorized by the warrant. Overbroad language in a warrant may be severed and the remaining portion upheld. *State v. Sagner,* 12 Or App 459, 506 P2d 510, *rev den* (1973).

■ Second, he argues that the endorsement on the warrant for a nighttime search was improperly made by the issuing judge. In *State v. Brock,* 53 Or App 785, 633 P2d 805 (1981), we held that ORS 133.565(3) allows a judge to issue a warrant allowing nighttime execution only on the basis of circumstances presented during the application process showing the necessity for a nighttime search. However, in *Brock* we also held that objects seized during execution of a warrant issued in violation of that rule need not always be suppressed. Execution of a search warrant at night never has been held to be unconstitutional *per se,* and the record here discloses no aggravating circumstances showing any basis for suppression. *State v. Brock, supra.*

■ Third, he argues that the police lacked probable cause to make a warrantless seizure of any drugs other than marijuana. We find otherwise. The warrant authorized a search for marijuana. Mescaline, peyote, cocaine, psilocybin and LSD were also seized. Defendant contends that the searching officers lacked probable cause to seize those drugs, in that they were not readily identifiable as contraband. Probable cause may arise from the synthesis of what experienced police officers know and observe. *State v. Elkins,* 245 Or 279, 422 P2d 250 (1966); *State v. Ronniger,* 7 Or App 447, 492 P2d 298 (1971). Here, the seizing officers had extensive training and experience in the identification of the drugs seized. Police may rely upon the totality of the circumstances in deciding whether or not to seize suspected items, and a "pattern of illegality" may be considered. *State v. Callaghan,* 33 Or App 49, 55, 576 P2d 14, *rev den* 284 Or 1 (1978). The easily-identified marijuana found throughout the premises added weight to the police's suspicions that the other items seized were also controlled substances. "[P]olice are entitled to use common sense in dealing with seizable articles which lawfully come to their attention." *State v. Johnson,* 232 Or 118, 122, 374 P2d 481 (1962). The pills and powders seized were not packaged in standard prescription-type containers. Other identifiable illicit drugs were found on the premises. The police were familiar with the type of drugs seized. The officers' beliefs about what they found were sufficiently

well-founded to give them probable cause to seize the drugs used as evidence in these cases.

## ORDER OF PROCEEDINGS

■ Defendant next claims as error the giving of jury instructions *prior to* counsels' closing arguments.[5] Defendant argues that "allowing the prosecutor's argument to be the last thing heard by the jury before their deliberations" was prejudicial, but makes no affirmative showing of any prejudice. The practice of instructing jurors before closing arguments is favored by some Oregon lawyers and judges. Under ORCP 58B, made applicable to criminal trials by ORS 136.330, either the prosecutor or the defendant may make the last argument if "the court for good and sufficient reason" so directs. Here, the trial judge, a regular circuit court judge from another district sitting in Lane County, advised the jury:

"* * * I'm going to do something a little different than some of the local judges do. I'm going to instruct you first before we have arguments because I think it makes more sense for you to know what the law is as counsel is arguing to you rather than the other way around."

Included in the instructions that followed was the standard instruction that the arguments and statements of counsel were not evidence in the case but could be used to assist the jurors in evaluating the evidence presented at trial. The trial court felt the jurors would be less likely to be confused or misled by counsel's arguments if they knew

---

[5] ORCP 58 provides in part:

"* * * * *

"B. Order of proceedings on jury trial. When the jury has been selected and sworn, the trial, unless the court for good and sufficient reason otherwise directs, shall proceed in the following order:

"* * * * *

"B.(4) When the evidence is concluded, unless the case is submitted by both sides to the jury without argument, the plaintiff shall commence and conclude the argument to the jury. The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall then have the right to reply to the argument of the defendant, but not otherwise.

"* * * * *

"B.(6) The court then shall charge the jury."

what the law was before hearing those arguments. Defendant has demonstrated no prejudice as a result of the trial court's exercise of its discretion. Oregon Constitution Art VII (Amended), § 3; ORS 19.125(2).

## JURY INSTRUCTIONS

Erroneous jury instructions are the basis of four of defendant's assignments of error. Defendant's original notice of appeal and designation of record designated for inclusion in the record on appeal the trial court file, all exhibits, and transcripts of the motion to suppress hearing, the trial, and the sentencing proceedings. Subsequently, defendant amended his designation of record to include only that part of the trial transcript reporting his requested instructions, the instructions given by the court, and the exceptions thereto.

Defendant represents that all the evidence subject to the motion to suppress was admitted at trial, citing pages 140 to 142 of the "trial transcript." Those pages contain only the trial court's ruling denying defendant's motion. There is nothing in this record from which to determine what the testimony was at trial. The only way to determine which exhibits were admitted is to examine the list of exhibits prepared by the circuit court clerk and attached to the exhibit envelope in the appeal record. That list indicates that 20 of the 55 state's exhibits received at the hearing on the motion to suppress were, in fact, not admitted at trial.

Defendant also states in his brief that he did not present any evidence at trial, and cites as authority page 161 of the "trial transcript" and page 25 of the sentencing transcript. What appears at these pages are statements by defense counsel and the trial court to the effect that defendant did not testify. However, the clerk's list of exhibits indicates that defendant offered five exhibits at trial, which were received.

In electing to limit the record on appeal to the hearings on the motion to suppress and sentencing and the court's instructions to the jury, defendant has indicated his belief that this limited record is sufficient to support his claims of error on appeal. Any shortcomings in the record

resulting in obstacles to defendant's arguments on appeal must be held strictly against defendant. *H.N.M. Enterprises v. Hamilton,* 49 Or App 613, 617, 621 P2d 57 (1980), *rev den* 290 Or 449 (1981).

■■ he extent to which an improper jury instruction affects the substantial rights of a party depends heavily upon what evidence was produced at trial. Where, as here, the evidence at trial is not in the appellate record, jury instructions will not be reviewed unless they are improper *per se. Raiha v. Coos Bay Coal & Fuel Co.,* 77 Or 275, 143 P 892, 149 P 940, 151 P 471 (1915).

> "Under such a state of the record, the appellate court must assume, so far as the correctness of the instructions given is to be determined by reference to facts proved at trial, that such evidence was given and such facts established as justified the giving of the instructions. And if the instruction upon which error is based contains a correct statement of the law and is applicable to some state of the case possible under the pleadings, error cannot be based thereon * * *." *State v. Jancigaj,* 54 Or 361, 363, 103 P 54 (1909). (Citations omitted.)

A jury instruction could be so clearly erroneous that prejudice would be obvious even without considering the evidence before the jury, but none of these allegedly erroneous instructions reach this level.

## MERGER

Defendant next claims that all nine counts of possession and manufacture, should have been merged and only one sentence imposed, because all nine counts arose out of the same act and transaction.

■ The cases cited by defendant in support of this claim are not in point. They all deal with convictions under the former criminal activity in drugs statute, ORS 167.207.[6] Under that statute, the legislature made it a

---

[6] Former ORS 167.207(1) provided:

"(1) A person commits the offense of criminal activity in drugs if he knowingly and unlawfully manufactures, cultivates, transports, possesses, furnishes, prescribes, administers, dispenses or compounds a narcotic or dangerous drug."

single crime to possess or to transport illegal drugs. *See, e.g., State v. Miller,* 14 Or App 396, 513 P2d 508 (1973). However, ORS 475.992 represents a different approach. The legislature clearly expressed its intent to punish separately the manufacture and the possession of controlled substances, and for each different controlled substance involved. Except as explained hereafter, there was no error in imposing separate sentences for the different counts of possession and manufacturing.[7]

■ ■ We do agree, however, that defendant should not have been sentenced on three different counts for possession of marijuana, hashish, and hashish oil.[8] These substances are all marijuana under ORS 475.005(22) and under the federal schedule of controlled substances, 21 CFR § 1308.11 *et seq,* which is incorporated in Oregon law. ORS 475.015(2); OAR 855-80-020. Simultaneous possession of different forms of the same controlled substance constitutes a single act or transaction. ORS 475.992(4); *see State v. Welch,* 264 Or 388, 505 P2d 910 (1973). The sentences imposed on counts III (marijuana), VI (hashish) and VII (hashish oil) therefore must be vacated. On remand those three convictions are to be merged for sentencing purposes.

## FINE IMPOSED

■ In addition to his prison terms, defendant was ordered to pay two amounts of $2,000 each, one on the manufacturing counts and one on the possession counts, as *gain* obtained through the commission of felonies.[9] This

---

[7] We cannot determine from the record whether defendant's acts of manufacturing were merely incidental to possession, thus requiring merger of sentences under *State v. Bateman,* 48 Or App 357, 616 P2d 1206 (1980).

[8] There was nothing improper in charging defendant in three separate counts. *State v. Welch,* 264 Or 388, 394, 505 P2d 910 (1973).

[9] The sentencing order provides in part:

"The Court finds that the defendant has gained money through the commission of a felony and therefore, pursuant to ORS 161.625(3),

"IT IS HEREBY ORDERED AND ADJUDGED that on Counts I and II herein the above named defendant shall be and is hereby sentenced to pay a fine in the sum of $2,000.00, * * * and

"IT IS FURTHER ORDERED AND ADJUDGED that on Counts III, IV, V, VI, VII, VIII and IX, the above named defendant shall be and is hereby sentenced to pay a fine in the sum of $2,000.00, * * * for a total fine herein of $4,000.00 * * *.

sanction may be imposed in lieu of the fine allowed by ORS 161.625(1). ORS 161.625(3). However, the trial judge failed to make findings on the amount of the defendant's gain from the crime as required by ORS 161.625(5). A gain in this context is the amount of money derived from the commission of the felonies, less the amount of money seized by the police. ORS 161.625(4). The trial court made no finding on the defendant's gain, and we therefore have no way of knowing if the fines imposed were authorized by law. The order to pay the fines must therefore be vacated. On remand the trial court must make findings pursuant to ORS 161.625(5) concerning the amount of gain, if any, conducting a hearing on the issue if necessary.

### SENTENCE IMPOSED

■ Defendant was sentenced to a maximum of ten years imprisonment with a minimum of three years before being eligible for parole. He contends this was excessive. The trial court stated its reasons for the sentences imposed, which are within the statutory maximum. We find no error. *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

Judgment affirmed in part; fines vacated; sentences on the marijuana possession counts vacated; remanded for resentencing.

---

"IT IS FURTHER ORDERED that $2,900.00 of the fine herein shall go to the Lane County Narcotics Enforcement Fund."