Argued and submitted August 23, affirmed November 5, 1979

STATE OF OREGON,
*Appellant,*

*v.*

JAMES SCOTT PLOWMAN,
TEDDY RAY GRAHAM, and
CLARENCE LEE TANGNEY,
*Respondents.*

(No. 78-355 C, CA 13653)

602 P2d 286

W. Benny Won, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

[25]

David Groom, Salem, argued the cause for respondents. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

The state appeals, under ORS 138.060(3), from a pretrial order suppressing evidence seized pursuant to a search warrant in a case involving the crime of manufacture of a controlled substance, marijuana.

Officer Burkhart testified that on October 19, 1978, he received information from a private citizen that there were marijuana plants and marijuana in bags in a certain residence. The officer, together with a deputy district attorney, prepared an affidavit to support issuance of a search warrant. The affidavit requested authority to search and seize marijuana plants, marijuana in bags, and papers and effects showing possession of said premises. The search warrant was prepared by the deputy district attorney; however, through an oversight, "marijuana plants" and "marijuana in bags" were omitted from the list of items authorized by the warrant for search and seizure. The warrant only allowed search and seizure of "papers, documents and effects which show possession, dominion and control of said premises * * *." The judge signed the warrant as presented.

When Officer Burkhart arrived at the premises to execute the warrant, a guest informed him that the residents were not home. In searching the premises, the officer discovered marijuana. The defendants, residents of the premises, returned home, whereupon they were presented with the search warrant. At that time, it was discovered that the warrant did not include authorization to search for "marijuana plants" or "marijuana in bags." The police continued the search, finding more marijuana.

On defendants' motion, the circuit court ordered suppression of all the marijuana seized. The court found as follows:

"1. The affidavit was sufficient.
" * * * * *

"3. This was not a pretext search, but inadvertently the marijuana and bags of marijuana were not specified in the warrant.

[27]

"4. ORS 133.535 [sic; 133.585] and the legislative comments prohibit seizing items [not specified in the warrant] which the officer had probable cause to expect to find."

The state appeals.

The state concedes that the officer had probable cause to believe marijuana would be present in the residence and that because the warrant did not authorize search for and seizure of marijuana, its seizure violated ORS 133.585.[1] However, the state contends that suppression was not appropriate under these circumstances, where failure to include marijuana in the list authorized for search and seizure was due to a scrivener's omission.

In *State v. Weaver*, 41 Or App 201, 598 P2d 308, *rev den* (1979), we held that evidence seized in violation of ORS 133.585 is inadmissible. Although *Weaver* did not involve an *inadvertent* failure to include an item in a search warrant authorization, we see no reason to carve a "scrivener's omission" exception into ORS 133.585. The instant case does not present a mere technical misdescription, nor does it involve a situation where the affidavit was attached or incorporated by reference in the search warrant thus making them constitute one document. The omission here goes to the very essence of the constitutional requirement that a warrant describe with particularity the things to be searched for and seized. The evidence was properly suppressed.

Affirmed.

---

[1] ORS 133.585 provides:

"The scope of search shall be only such as is authorized by the warrant and is reasonably necessary to discover the persons or things specified therein. Upon discovery of the persons or things so specified, the officer shall take possession or custody of them and search no further under authority of the warrant. If in the course of the search the officer discovers things, not specified in the warrant, which he has probable cause to believe to be subject to seizure under ORS 133.535 *which he did not have probable cause to expect to find,* he shall also take possession of the things discovered." (Emphasis supplied.)