Argued and submitted March 4, affirmed November 16, 1982

STATE OF OREGON,
*Respondent on review,*
*v.*
RUSSELL BRIAN NESS,
*Petitioner on review.*

(CA 17831, SC 28376)

653 P2d 548

Robert J. McCrea of Morrow, McCrea & Divita, P.C., Eugene, argued the cause and filed the petition and brief for petitioner on review.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent on review. On the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy

Solicitor General, and Karen H. Green, Assistant Attorney General, Salem.

Before Denecke, Chief Justice,* *  and Lent, Linde, Peterson, Tanzer and Campbell, Justices.

TANZER, J.

* * Denecke, C. J., retired June 30, 1982.

**TANZER, J.**

This is a companion case to *State v. Brock,* 294 Or 15, 653 P2d 543 (1982) (decided today). Defendant assigns as error the denial of his motion to suppress evidence seized during a nighttime search in execution of a search warrant which authorizes execution "at any time of the day or night."

We held in *Brock* that indorsement of a search warrant for nighttime execution must be based upon a showing of special circumstances consistent with the policy of ORS 136.565(3). We held that the showing need not be in any special form, but must be evidence from the allegations before the issuing judge. In this case the allegations were in the form of a lengthy affidavit by an undercover police officer. In summary, he alleged that between 7:00 and 7:30 p.m. that evening, in the Springfield residence of his seller, he arranged to buy three pounds of marijuana. His seller gave the officer a sample and made a telephone call to tell another party that he "was going to his place shortly." The seller told the officer that he was going to Cottage Grove to get the marijuana. The officer left. Other officers kept the seller's car under surveillance. The seller drove to a house in Creswell and returned to Sprinfield where he delivered three pounds of marijuana to the officer and was promptly arrested. The search warrant is for the Creswell house.

The allegations suggest that the Creswell house is a repository for a marijuana-selling enterprise. That does not suggest portability or transiency to the issuing magistrate. Moreover, there is no allegation to suggest that the operator of the enterprise in Creswell may have been tipped off or alerted by the apprehension and arrest of the seller. In short, there is no allegation that the purposes of the statute would be served by an indorsement for nighttime search.

There is no suggestion that the allegations in support of the search warrant lack probable cause to believe that the fruits or instrumentalities of crime are secreted at the premises commanded to be searched. The indorsement for nighttime execution, however, is not authorized by statute. As we held in *State v. Brock,* suppression is not an authorized sanction for this statutory violation.

The Court of Appeals is affirmed; the judgment of the circuit court is affirmed.