Argued and submitted January 29, affirmed March 9, 1988

STATE OF OREGON,
*Respondent,*

*v.*

KENNETH PATRICK WHALEN,
*Appellant.*

(86-CR-479; CA A44857)

750 P2d 1168

Christopher D. Mecca, Grants Pass, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

### JOSEPH, C. J.

Defendant appeals from his conviction for the crime of manufacturing a controlled substance. ORS 475.992. His only claim of error is that the trial court failed to suppress evidence seized under a search warrant.

On August 28, 1986, a Josephine County District Court judge issued the search warrant. Defendant concedes that the warrant was lawfully issued. On the fifth day after the warrant was issued, and after several attempts to contact the judge who had issued it, a police officer contacted another district judge, who made an endorsement of an extension of time on its face. The warrant was executed after the fifth day and before the tenth day.

Defendant argues that the extension of time violates ORS 133.565(3), which provides that search warrants must be executed "within five days from the date of issuance" unless "the judge issuing the warrant" makes an endorsement on its face authorizing it to be executed after five days but not more than ten days from the date of its issuance.

Defendant does not claim that the police officer acted in bad faith, that the facts in the underlying affidavit supplying probable cause were rendered "stale" by the delay in executing the warrant or that there is any evidence in the record that the express terms of the statute have been violated generally in other cases or in any other specific instances. Defendant does not assert any prejudice, either, other than the fact that the seized evidence was used against him. He argues for an absolute rule that, in every instance and in all circumstances, an extension of the time for serving a warrant beyond five days can be endorsed only by the judge who originally issued the warrant and that failing to obtain that endorsement must result in suppression of the evidence.[1]

We need not adopt or reject that rule because, as a

---

[1] Defendant also relies on ORS 133.545(4) and (5) for the proposition that an application for extension of time must be supported by a sworn affidavit and that, if sworn oral testimony is received, it must be transcribed. The cited subsections, however, govern only applications for telephonic search warrants and do not apply here. *See State v. Mathis,* 24 Or App 53, 55 n 1, 544 P2d 170 (1975), *rev den* (1976).

general proposition, a *statutory* violation does not *require* suppression.[2] *State v. Valentine/Darroch,* 264 Or 54, 68, 504 P2d 84 (1972). In *State v. Brock,* 294 Or 15, 653 P2d 543 (1982), officers executed a search warrant after 10 p.m. Although the issuing judge had endorsed the warrant for nighttime execution, the supporting affidavit contained no "showing of special circumstances" to justify that endorsement. 294 Or at 17. ORS 133.565(3), part of the same statute involved in this case, was held implicitly to contain a requirement of that finding. The Supreme Court held that the statute had been violated; however, it refused to suppress the evidence. Analogizing to the knock-and-announce statute at issue in *State v. Valentine/Darroch, supra,* the court concluded that suppression was not required. *See also State v. Ness,* 294 Or 8, 653 P2d 548 (1982). We reach the same result in this case.

Affirmed.

---

[2] In his motion to suppress in the trial court, defendant raised state and federal constitutional arguments. On appeal, he raises only the statutory violation.