Argued and submitted November 7, reversed and remanded December 21, 1994,
petition for review denied April 25, 1995 (321 Or 94)

# STATE OF OREGON,
*Appellant,*

*v.*

# ROBERT WILLIAM DALTON,
*Respondent.*

(93CR2319; CA A83397)

887 P2d 379

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David A. Hill argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

■ The state appeals from the circuit court's pretrial suppression of evidence that was seized from defendant's residence during the execution of a search warrant. The issue is whether the *inadvertent misdating of an otherwise valid search warrant* renders the warrant invalid so as to require the suppression of evidence seized during the ensuing search. We hold that it does not, and reverse.

■ In a pretrial suppression hearing, defendant claimed that the warrant pursuant to which his house was searched was invalid, because the warrant was dated October 9, 1993, and the search was not conducted until November 10, 1993. ORS 133.565(3) requires that search warrants generally be executed within five days of their issuance.[1] Consequently, defendant sought suppression of the evidence seized from his residence.

The circuit court made the following findings: On November 9, 1993, Officer Beecher presented a magistrate with an affidavit to which Beecher was sworn. With the affidavit was an application for a warrant to search defendant's residence. The magistrate signed Beecher's affidavit and dated it November 9, 1993. The magistrate also issued and signed a search warrant for defendant's residence, but

---

[1] ORS 133.565 provides:

"(1) A search warrant shall be dated and shall be addressed to and authorize its execution by an officer authorized by law to execute search warrants.

"(2) The warrant shall state, or describe with particularity:

"(a) The identity of the judge issuing the warrant and *the date the warrant was issued*;

"(b) The name of the person to be searched, or the location and designation of the premises or places to be searched;

"(c) The things constituting the object of the search and authorized to be seized; and

"(d) The period of time, not to exceed five days, after execution of the warrant except as provided in subsection (3) of this section, within which the warrant is to be returned to the issuing authority.

"(3) Except as otherwise provided herein, the search warrant shall be executed between the hours of 7 a.m. and 10 p.m. and within five days from the date of issuance. The judge issuing the warrant may, however, by indorsement upon the face of the warrant, authorize its execution at any time of the day or night and may further authorize its execution after five days, but not more than 10 days from the date of issuance." (Emphasis supplied.)

mistakenly dated it *October* 9, 1993. The warrant was executed by Beecher on November 10, 1993, the day after its issuance.

Defendant argued that, "if the date on the front of the warrant is not within the time limits as required, it's a constitutional violation" that renders the warrant invalid.[2] Despite the fact that the search was carried out within one day of its actual issuance, the circuit court held that the warrant was invalid for failing to state the date of issuance "with particularity," as required by ORS 133.565(2)(a), and suppressed the evidence. The state urges us to recognize the mistake as a scrivener's error and to uphold the validity of the search.

Defendant does not dispute that the warrant was executed within five days of it issuance; nor does he argue that the warrant was "stale." There is no evidence in the record that the express terms of ORS 133.565 were violated in any other respect; there is no contention that the warrant failed to state with particularity the person and place to be searched and the things to be seized. Defendant argues for an absolute rule that, in every instance, a search warrant that fails to state accurately its date of issuance is invalid as a matter of law.

In this case, there was no delay in the execution of the warrant. The misdating of the warrant was simply a scrivener's error; it did not frustrate the constitutional objective served by the statutory requirement that search warrants be dated and executed within five days of their issuance. While we do not discount the statutory safeguards relating to the conduct of searches, we cannot say that the inadvertent misdating of an otherwise facially valid search warrant requires suppression. *See State v. Whalen*, 90 Or App 18, 20-21, 750 P2d 1168 (1988). Reversed and remanded.

---

[2] Defendant relied on Oregon statutory requirements and the Oregon Constitution in his motion to suppress, and Oregon law was the basis of the circuit court's decision. Therefore, we address only state law.