Submitted May 28, affirmed October 29, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RANDY REGINALD RADFORD,
aka Randy R. Stanfield,
aka Michael James Stanfield,
*Defendant-Appellant.*

Multnomah County Circuit Court
050532812, 970231094, 970332196, 030733743;
A129835 (Control), A129836, A129837, A129838

196 P3d 23

Ingrid Swenson, Executive Director, Peter Gartlan, Chief Defender, and Mary-Shannon Storey, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the briefs for appellant. Randy R. Radford filed a supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Judge pro tempore.

SCHUMAN, J.

## SCHUMAN, J.

Defendant was convicted of various crimes, including manufacture, possession, and delivery of a controlled substance. He raises eight assignments of error on appeal. We reject six of them (raised in a *pro se* supplemental brief) without discussion. In the first of the two that we do address, he asserts that all of the evidence that was seized pursuant to a search warrant should have been suppressed because the warrant specified the day and month that it was issued, but not the year. In the second, he contends that the trial court erred in ruling that the crime laboratory reports identifying the substance in defendant's possession as a controlled substance were admissible. We conclude that the court did not err in denying defendant's motion to suppress, but that it did err in ruling that the reports were admissible. We also conclude, however, that the error was harmless because defendant was convicted after stipulating to facts, including the facts that the reports contained. We therefore affirm.

In July 2003, a Portland Police Officer submitted to a judge of the circuit court for Multnomah County an affidavit requesting a warrant to search for controlled substances and drug paraphernalia at defendant's house. The affidavit was dated July 25, 2003. The judge then issued a warrant; in the space designated for the date, the judge wrote "7/25." No year was specified. The search occurred, yielding evidence tending to incriminate defendant; the return of the warrant, also signed by the judge and dated "this 31 day of July, 2003," specified that the search occurred on July 29, 2003. At trial, the judge (not the same judge who had signed the warrant) pointed out to the attorneys that the date on the warrant itself did not indicate a year. Defendant moved to suppress the evidence on the ground that it was not seized pursuant to a valid search warrant. The court denied the motion, and defendant renews his argument on appeal.

According to defendant, the warrant was invalid because it did not meet the specifications set out in ORS 133.565:

"(1) A search warrant shall be dated and shall be addressed to and authorize its execution by an officer authorized by law to execute search warrants.

"(2) The warrant shall state, or describe with particularity:

"(a)   The identity of the judge issuing the warrant and the date the warrant was issued[.]"

We reject defendant's argument for two independently adequate reasons.

■     First, we conclude that the omission of the year on the warrant was a mere scrivener's error. In similar circumstances, we have held that "we cannot say that the inadvertent misdating of an otherwise facially valid search warrant requires suppression." *State v. Dalton*, 132 Or App 36, 39, 887 P2d 379 (1994), *rev den*, 321 Or 94 (1995). In *Dalton*, a police officer presented a magistrate with a sworn affidavit dated November 9, 1993. The magistrate then issued a warrant dated *October* 9, 1993. The return showed that the warrant was executed on November 10, 1993. In rejecting the defendant's argument for "an absolute rule that, in every instance, a search warrant that fails to state accurately its date of issuance is invalid as a matter of law," we noted that the misdating "was simply a scrivener's error; it did not frustrate the constitutional objective served by the statutory requirement that search warrants be dated." *Id.*

Defendant contends that this case is controlled by *State v. Plowman*, 43 Or App 25, 602 P2d 286 (1979). In that case, although the affidavit listed "marijuana in bags" and "marijuana plants" in the list of things that the officer sought a warrant to seize, the warrant itself omitted those items. *Id.* at 27. We held,

"[W]e see no reason to carve a 'scrivener's omission' exception into ORS 133.585. The instant case does not present a mere technical misdescription, nor does it involve a situation where the affidavit was attached or incorporated by reference in the search warrant thus making them constitute one document. The omission here goes to the very essence of the constitutional requirement that a warrant describe with particularity the things to be searched for and seized. The evidence was properly suppressed."

*Plowman*, 43 Or App at 28.

*Plowman* is distinguishable for several reasons. A warrant that omits an item to be seized might reflect a conscious choice by the magistrate to limit the affiant's request based on the magistrate's evaluation of the sufficiency of the part of the affidavit relating to that item. The omission of a year from the date could not possibly be intentional. Second, the court in *Plowman* emphasized that the affidavit was neither attached to nor incorporated by reference to the warrant. *Id.* In the present case, although the warrant does not incorporate the affidavit verbatim, it refers to it, stating that the officer is "commanded to search * * * **6742 SE Harold Street** described * * * as a one-story wood framed single family residence," followed by a detailed description of the house. (Boldface in original.) The address and description echo the affidavit, and the term "described" can refer only to a description in the affidavit. The documents, therefore, are intertwined, as were the documents in *Dalton,* where the court referred to the affidavit in construing the warrant. 132 Or App at 38-39. Finally, the omission in the warrant in *Plowman* went "to the very essence of the *constitutional* requirement" for particularity. 43 Or App at 28 (emphasis added). There is no explicit constitutional requirement for a particularized date or, for that matter, for any date at all; rather, the constitution requires only that the warrant be based "upon probable cause, supported by oath, or affirmation, and particularly describing the place to be searched, and the person or thing to be seized." Or Const, Art I, § 9.

■    That difference between the statutory and constitutional warrant requirements underlies a second reason for rejecting defendant's argument. Under ORS 136.432,

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1)    The United States Constitution or the Oregon Constitution;

"(2)    The rules of evidence governing privileges and the admission of hearsay; or

.    "(3)    The rights of the press."

Thus, even if defendant is correct that the seizure of evidence was invalid because police failed to comply with the statutory warrant requirement, that failure could not support suppression, because neither the Oregon Constitution, the United States Constitution, the rules of evidence, nor the rights of the press specify that a warrant must contain a complete date, nor does defendant so argue.[1]

■■ Defendant also argues that the trial court erred in ruling that the reports from the crime laboratory identifying the drugs as contraband were admissible because he did not have the opportunity to cross-examine the person who prepared the reports, as required by *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004); *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007); and *State v. Marroquin*, 215 Or App 330, 168 P3d 1246 (2007). The state concedes that the court erred, but contends that the error was harmless. We agree. After the court rejected defendant's objection to the admission of the reports, he waived his right to a jury trial and agreed to be tried on stipulated facts. Included in the waiver was the right to confront and cross-examine the witnesses against him; in response to the court's statement, "And do you understand that if * * * I accept your request to try the case on stipulated facts, you will be giving up your right to confront the witnesses against you[?]," defendant replied, "Yes." By agreement of the parties, the prosecutor recited the facts, including the fact that defendant stipulated to the crimes specified in the indictments involving a controlled substance. Because defendant agreed to be tried on stipulated facts, the laboratory reports themselves were never actually admitted as evidence. The error in ruling that the reports were admissible was therefore harmless.

Affirmed.

---

[1] Under the Oregon Constitution, a warrant may be invalid if it is executed so long after the affidavit is presented that the information has become "stale." *State v. Howell*, 93 Or App 551, 559, 763 P2d 179 (1988), *rev den*, 307 Or 405 (1989). Defendant does not raise a staleness argument.