Submitted November 1, reversed and remanded December 18, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES JONATHAN ELLIS,
*Defendant-Appellant.*

Washington County Circuit Court
D103150T; A150077

316 P3d 412

Leland R. Berger and Courtney N. Moran filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant, an Oregon Medical Marijuana Act (OMMA) cardholder, was acquitted of driving under the influence of intoxicants (DUII) and sought the return of hashish that had been seized from him when he was arrested for DUII. The trial court entered an order denying defendant's motion to return his hashish, and defendant appeals the court's order. Defendant contends that hashish constitutes "usable marijuana" and, therefore, that it must be returned upon a determination that defendant lawfully possessed it under the OMMA. *See* ORS 475.323(2).[1] The state concedes that hashish is usable marijuana under the OMMA and, therefore, that the trial court erred in denying defendant's motion. We agree.

The OMMA adopts the definition of marijuana contained in the Uniform Controlled Substances Act (CSA). ORS 475.302(6). In turn, the CSA defines marijuana to include "every compound, manufacture, salt, derivative, mixture, *or preparation* of the plant or its resin." ORS 475.005(16)(a) (emphasis added). We have held that hashish is marijuana under that definition. *State v. Ness*, 54 Or App 530, 538, 635 P2d 1025 (1981), *aff'd*, 294 Or 8, 653 P2d 548 (1982). Similarly, "usable marijuana" under the OMMA is defined to include "any mixture *or preparation*" of the plant that is appropriate for medical use. ORS 475.302(11) (emphasis added). The state concedes that hashish falls within that definition, and the record supports the state's concession. Accordingly, we conclude that the court erred in denying defendant's motion for the return of the seized hashish.

Reversed and remanded.

---

[1] ORS 475.323(2) provides, as relevant:

"Usable marijuana * * * that was seized by any law enforcement office shall be returned immediately upon a determination by the district attorney in whose county the property was seized, or the district attorney's designee, that the person from whom the marijuana * * * was seized is entitled to the protections contained in [the OMMA]. The determination may be evidenced, for example, by a decision not to prosecute, the dismissal of charges or acquittal."