TOOKEY, P.J.
*847 Defendant appeals a judgment of conviction for unlawful use of a weapon, ORS 166.220, menacing constituting domestic violence, ORS 163.190, and two counts of recklessly endangering another person, ORS 163.195. Defendant assigns error to the trial court's ruling that sustained the state's objection to a portion of defendant's closing argument. For the reasons that follow, we affirm.
The underlying convictions arose from an escalating altercation between defendant and his then-wife, the victim, that occurred during a birthday party at their home. Subsequently, DHS received a report about the altercation after one of the children who had been at the party reported the altercation to someone at the child's school. In response to a DHS cross-report,[1] Deputy Baltzor visited the victim's house and spoke with the victim.
At trial, during defendant's cross-examination of Baltzor, Baltzor clarified that he had first heard about the altercation from the DHS cross-report, which was initiated after a child reported the incident to DHS. Baltzor confirmed that a child, not the victim, was the impetus for the DHS report. Defendant did not ask Baltzor whether he had told the victim about the existence of the DHS cross-report; similarly, defendant did not ask the victim whether she was aware of the DHS cross-report.
During closing argument, defense counsel argued that the victim's testimony against defendant was fueled by her fear that DHS would take her children and, thus, she was biased against defendant:
"[DEFENSE COUNSEL]: Now, what's [the victim] going to think when she gets the telephone call from a deputy sheriff saying, 'I need to talk to you about child abuse or', about an incident involving a child. 'DHS has this report. I need to talk to you.' Yeah. What goes through a mother's mind, a father's mind? 'DHS is thinking about taking my child.'
*848 "[PROSECUTOR]: Objection. Facts not in evidence.
"THE COURT: Sustained. You are to disregard.
"[DEFENSE COUNSEL]: Excuse me?
"THE COURT: Those are facts not in evidence.
"[DEFENSE COUNSEL]: It's a reasonable inference.
"THE COURT: It is not.
"[DEFENSE COUNSEL]: Very well."
On appeal, defendant argues that the trial court erred by sustaining the prosecutor's objection to his argument, because it infringed on his federal and state constitutional rights to make a closing argument to the jury. Defendant contends that his argument *511 "was based on reasonable inferences drawn from logic and common knowledge," and, as a result, "the trial court abused its discretion in precluding" his argument. In response, the state argues that the trial court did not err in sustaining the objection. In the state's view, defendant's argument was based on impermissible speculation and facts that were not in evidence.
We review a trial court's decisions regarding its control of jury argument for abuse of discretion. State v. Goodin , 8 Or. App. 15, 23-24, 492 P.2d 287 (1971), rev. den. , (1972) ("Absent abuse, the control of closing arguments is left to the trial court judge, who has broad authority to control the conduct of the trial.").
Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution guarantee a defendant's right to make a closing argument. State v. Rogoway , 45 Or. 601, 612, 81 P. 234 (1905). Generally, "in presenting closing arguments to the jury, counsel have a large degree of freedom to comment on the evidence submitted and urge the jury to draw all legitimate inferences from that evidence. However, that freedom is not without limitations[.]" Cler v. Providence Health System-Oregon , 349 Or. 481, 487-88, 245 P.3d 642 (2010) (internal quotation marks and citation omitted). For example, a trial court has the authority to prevent the parties from arguing about matters outside of the record, *849 State v. Williams , 322 Or. 620, 628, 912 P.2d 364 (1996), or based upon impermissible speculation, State v. Bivins , 191 Or. App. 460, 467, 83 P.3d 379 (2004). Evidence outside of the record may not be suggested to the jury by any means, including through closing argument. Rieker v. Kaiser Foundation Hospitals , 194 Or. App. 708, 712, 96 P.3d 833 (2004) ; see Cler , 349 Or. at 488, 245 P.3d 642 ("[C]ounsel may not make statements of facts outside the range of evidence." (Internal quotation marks omitted.) ); Atlas Copco Industrial v. Karn Repair Service , 172 Or. App. 317, 324, 18 P.3d 1102, rev. den. , 332 Or. 316, 28 P.3d 1176 (2001) (a trial court can abuse its discretion by allowing jury argument regarding facts that are not in evidence).
Here, it is undisputed that defendant's statement made in closing argument consisted of facts not in evidence. As noted, Baltzor was informed about the altercation between defendant and the victim via a DHS cross-report. Baltzor testified that, upon receiving that report, he went to the victim's home and spoke with the victim. Neither Baltzor nor the victim testified about a phone call between Baltzor and the victim that concerned "child abuse" or an "incident involving a child." Moreover, neither Baltzor nor the victim testified regarding whether Baltzor told the victim that "DHS has this report" or that DHS was the source of the report. Accordingly, because the portion of defendant's closing argument at issue concerned facts not in evidence, the trial court did not err in sustaining the state's objection to that argument.
Nevertheless, defendant contends that his closing argument was permissible because the jury could reasonably infer from the evidence that the victim's accusations against defendant "were influenced by her fear of DHS involvement" and fear that "a DHS investigation can result in the loss of [her] parental rights." We disagree. As noted, defendant never sought to impeach the victim's credibility on that basis or develop any testimony that the victim had any knowledge of the DHS report. Indeed, the record is devoid of direct evidence that the victim had any knowledge of the DHS report. Accordingly, defendant attempted to prove the victim's bias circumstantially by relying entirely on Baltzor's knowledge of the source of the report.
*850 "There is a difference between inferences that may be drawn from circumstantial evidence and mere speculation. Reasonable inferences are permissible; speculation and guesswork are not." Bivins , 191 Or. App. at 467, 83 P.3d 379 (internal quotation marks and citation omitted). Evidence is "insufficient to support an inference when the conclusion to be drawn from it requires too great an influential leap" or "the stacking of inferences to the point of speculation." Id . at 468, 83 P.3d 379 (internal quotation marks and citation omitted). In Bivins , we concluded *512 that a jury could not reasonably infer that the defendant's children had witnessed an assault when the state produced "no direct evidence of what the children saw or otherwise perceived[,]" and relied entirely on the fact that "the children were in the house" and, "by being in the house, they could have heard or seen [the] defendant strike" the victim. Id. at 468-69, 83 P.3d 379.
Here, defendant's closing argument that the victim was biased against him because of her fear of DHS involvement "would require the stacking of inferences to the point of speculation." Id. at 468, 83 P.3d 379. In effect, defendant's argument is that (1) Baltzor must have told the victim that a cross-report from DHS was the impetus for his investigation; (2) upon learning of that report, the victim would have assumed there was an active investigation by DHS; (3) the victim would then have feared that the investigation by DHS could lead to the termination of her parental rights; and therefore, (4) the jury could infer that the victim lied to Baltzor when they spoke at her house and then lied again at trial. Without any evidence at trial of what the victim knew or otherwise perceived concerning the DHS report, defendant's line of logic "requires too great an inferential leap." Id. at 468, 83 P.3d 379 (internal quotation marks omitted); see Kuehl v. Hamilton , 136 Or. 240, 249, 297 P. 1043 (1931) ("Every litigant is entitled to a fair trial, and this result cannot be achieved if counsel is permitted to make statements to the jury about facts not testified to by any witness.") Accordingly, the trial court did not err in sustaining the state's objection to defendant's closing argument.
Affirmed.

Deputy Baltzor explained that DHS is required to create a "cross-report" "any time information is given to DHS regarding something that [is] potentially a crime[.]" That information is then sent to law enforcement.