Argued and submitted September 30, 2019, affirmed February 26, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAY WILLIAM STACEY,
*Defendant-Appellant.*

Lake County Circuit Court
15CR46674; A167612

459 P3d 261

Defendant appeals a judgment of conviction for one count of false application for vehicle registration and two counts of false statement on title or transfer of vehicle. Defendant waived his right to a jury trial and was tried to the court. When the state waived its initial closing argument, defendant requested that the state not be allowed to rebut defendant's closing or, alternatively, that defendant be allowed surrebuttal. The trial court denied both requests. On appeal, defendant argues that the court abused its discretion in conducting closing arguments in the manner that it did, because the court relied on the erroneous legal premise that, under ORS 136.330, ORCP 58 B(6)—a civil rule regarding the manner and order of closing arguments—applies to criminal bench trials. In response, the state argues that petitioner's claim of error is unpreserved and that any error is not plain. *Held*: Defendant did not preserve his claim of error. Although defendant challenged the fairness of the court's intended manner of conducting closing arguments, defendant never raised the statutory issue that he now raises on appeal, which is a fundamentally different issue. As for plain error, the Court of Appeals agreed with the state that any error was not plain, both because the legal issue was not "obvious" and because it was not clear from the record that the trial court actually relied on ORCP 58 B(6).

Affirmed.

Robert F. Nichols, Jr., Judge.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Defendant appeals a judgment convicting him of one count of false application for vehicle registration, ORS 803.375, and two counts of false statement on title or transfer of vehicle, ORS 803.070. He raises two assignments of error, both relating to the manner in which closing arguments were conducted at his trial. For the reasons that follow, we affirm.

The only relevant facts are procedural. Defendant was charged with making a false statement—specifically, providing an Oregon residence address when he in fact resided in California—on applications for motor vehicle registration and title.[1] Defendant waived jury, and the charges were tried to the court. After the close of evidence, the following exchange occurred, which goes to the heart of defendant's arguments on appeal, so we quote it in full:

"THE COURT:   Closing arguments?

"[PROSECUTOR]:   No.

"THE COURT:   Okay, [defense counsel]?

"[DEFENSE COUNSEL]:   Is the State going to waive any rebuttal to mine, then?

"THE COURT:   I don't know; I asked her if she wanted to do closing and she said no.

"[DEFENSE COUNSEL]:   So she's waiving all closing?

"[PROSECUTOR]:   I didn't say that.

"[DEFENSE COUNSEL]:   Okay. I object to the State trying to sandbag me on this by not allowing me to respond to her arguments. So if she wants to make an argument, she makes it now; if she waives it, she waives all of it.

"THE COURT:   I think she has a right to waive her closing and do rebuttal; I guess it might depend on what your argument is, [defense counsel].

"[DEFENSE COUNSEL]:   Then do I get to rebut hers?

"THE COURT:   No.

"[DEFENSE COUNSEL]:   Why not?

---

[1] Several other charges were dismissed before trial.

"[PROSECUTOR]:   That's the way it works.

"THE COURT:   They have the burden of proof.

"[DEFENSE COUNSEL]: Okay. The reason how this works –

"THE COURT:   Do you know a case that says if you waive your first one you can't make a second one, is there a case that says that?

"[PROSECUTOR]:   No, there is not.

"[DEFENSE COUNSEL]: Let's just think it through, okay? The State makes an opening argument, okay? I make an opening argument, I respond to hers. She has a limited opportunity after that to respond to mine, she can't bring up new matter. So the trick here is, she wants to not allow me to respond to her argument by saying, well, I'll waive the first one, and then, well, I'll make that comment but— and what the Court is saying, I can't respond to hers. So if she wants to do it this way I'll do the first and the third.

"THE COURT:   So she waived her first opening. So you may make your closing argument, [defense counsel]."

At that point, defense counsel made his closing argument. When he finished, the prosecutor gave a rebuttal argument. Defense counsel then asked if he could "respond to an argument that [he] never heard before." The prosecutor interjected, "That is not the state of the law; we don't have surrebuttal." The trial court implicitly denied defendant's request to argue further and took the case under advisement. The next day, it found defendant guilty of the three counts previously noted.

Defendant appeals, assigning error, first, to the trial court "allowing the state to make a rebuttal argument" and, second, to the trial court "refusing to let defendant make a surrebuttal argument." Defendant recognizes that the court's handling of closing argument was a matter of discretion,[2] but he argues that the court abused its discretion here because it relied on a mistaken legal premise. *See*

---

[2] *See State v. Manning*, 290 Or App 846, 848, 417 P3d 509, *rev den*, 363 Or 224 (2018) (applying abuse-of-discretion standard to claim regarding closing argument); *State v. Goodin*, 8 Or App 15, 23-24, 492 P2d 287 (1971) ("Absent abuse, the control of closing arguments is left to the trial court judge, who has broad authority to control the conduct of the trial.").

*State v. Romero*, 236 Or App 640, 643-44, 237 P3d 894 (2010) ("Where *** a trial court's purported exercise of discretion flows from a mistaken legal premise, its decision does not fall within the range of legally correct choices and does not produce a permissible, legally correct outcome."). Specifically, he argues that the court wrongly relied on ORCP 58 B(6) to conclude that the state had a right to make a rebuttal argument, even if it waived its initial closing, as well as the right to the last word.[3] In defendant's view, that legal premise is mistaken because ORS 136.330 makes ORCP 58 B(6) applicable to criminal jury trials but *not* criminal bench trials.

As a threshold matter, we address whether defendant's claim of error is preserved. Defendant asserts that it is preserved because, in the trial court, he "argued that the state's decision to waive closing argument should preclude it from rebutting his argument" or that, at the least, "he should have the opportunity to respond to the state's rebuttal." The state contests preservation, asserting that "defendant did not preserve the legal argument that appears in his brief, which relies on a novel interpretation of the Oregon Rules of Civil Procedure."

To be raised and considered on appeal, an issue "ordinarily must first be presented to the trial court." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court ***, provided that the appellate court may, in its discretion, consider a plain error." ORAP 5.45(1). "Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal." *Peeples*, 345 Or at 219. It "also ensures fairness to an opposing party, by permitting the opposing party to respond to a contention and by otherwise not taking the opposing party by surprise." *Id*. Finally, it "fosters full development of the

---

[3] ORCP 58 B(6) provides: "When the evidence is concluded, unless the case is submitted by both sides to the jury without argument, the plaintiff shall commence and conclude the argument to the jury. The plaintiff may waive the opening argument, and if the defendant then argues the case to the jury, the plaintiff shall have the right to reply to the argument of the defendant, but not otherwise."

record, which aids the trial court in making a decision and the appellate court in reviewing it." *Id.* at 219-20.

"Preservation rules are pragmatic as well as prudential," and "[w]hat is required of a party to adequately present a contention to the trial court can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court." *Id.* at 220.

In this case, we agree with the state that defendant's claim of error is unpreserved. Defendant certainly made clear to the trial court that he disagreed with the state's intended approach to closing argument. In doing so, however, he argued only that conducting closing in that manner would be *unfair*. He never argued that a bench trial was subject to different rules than a jury trial with respect to closing arguments. He never argued that the state or the court was relying on inapt legal authority. He never challenged the correctness of the state's assertion about "the way it works" or the court's view of the significance of the state having the burden of proof. When the trial court expressly asked if there was any authority for the proposition that, if the state waived its initial closing, it "can't make a second one," the state said no, and defendant said nothing. Thus, the *only* argument that the trial court reasonably would have understood defendant to be making was that, regardless of the trial court's legal authority to conduct closing argument in the manner that it intended, defendant considered that procedure inherently unfair and was asking the court to vary it. The court declined that request.

On appeal, defendant raises a much different issue. Defendant argues that, as a matter of law, ORCP 58 B(6) applies only to criminal jury trials, not to criminal bench trials. Defendant points out that ORCP 58 B sets outs procedures for jury trials only; it begins, "*Trial by a jury* shall proceed in the following manner unless the court, for good cause stated in the record, otherwise directs[.]" (Emphasis added.) Meanwhile, ORCP 58 A adopts certain subsections of ORCP 58 B for purposes of civil bench trials, including ORCP 58 B(6). ORCP 58 A provides, "*Trial by the court* shall proceed in the manner prescribed in subsections (3) through (6)

of section B of this rule, unless the court, for good cause stated in the record, otherwise directs." (Emphasis added.) Finally, ORS 136.330(1) extends the application of *ORCP 58 B* to criminal actions, providing, as relevant here, that "ORCP 58 B, C and D and 59 B through F and G(1), (3), (4) and (5), apply to and regulate the conduct of the trial of criminal actions."

Defendant does not seem to argue that the references to the "jury" in ORCP 58 B(6) preclude its application to bench trials, and he would be hard pressed to do so given ORCP 58 A's express adoption of ORCP 58 B(6) for civil bench trials. Nor does he seem to contest that ORS 136.330 applies to criminal actions generally. Rather, as we understand it, the crux of defendant's argument is that, because ORCP 58 B specifies how "[t]rial by a jury shall proceed," while ORCP 58 A specifies how "[t]rial by the court shall proceed," and because ORS 136.330 adopts only ORCP 58 B, not ORCP 58 A, ORS 136.330 has necessarily adopted the closing-argument procedures in ORCP 58 B(6) only for criminal jury trials, not for criminal bench trials. In defendant's view, the trial court has complete discretion in conducting closing argument in a criminal bench trial, except that it must allow the defendant to make closing argument for constitutional reasons.

Given the substantial difference between defendant's claim of error on appeal and the argument that he made to the trial court, we conclude that defendant's claim of error is unpreserved. The very limited argument that defendant made in the trial court did not give that court an adequate opportunity to consider the issue that defendant now raises on appeal, nor did the state have an opportunity to address that issue in the trial court. Defendant now claims that the trial court misconstrued ORS 136.330 and ORCP 58, but he never even mentioned ORS 136.330 or ORCP 58 to the trial court, let alone raised the specific issue that he now raises on appeal. At least partially as a result of that circumstance, it is unclear from the record whether the trial court was even relying on ORCP 58 B(6)—a point that likely would have been clarified if defendant had ever challenged the applicability of ORCP 58 B(6) in the trial court.

To the extent that it is the standard practice of Oregon trial courts to apply ORCP 58 B(6) in criminal bench trials—as at least defendant seems to suggest—such that it is reasonable to assume that the trial court relied on ORCP 58 B(6) in this case, that only makes it more apparent that the court would not have discerned from what defendant said that he was proposing a new construction of ORS 136.330 and the applicability of ORCP 58 B(6) in criminal bench trials as distinguished from criminal jury trials. A party can sometimes use shorthand to reference well-established legal principles and still satisfy the purposes of preservation. *See State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) (recognizing that "fairly abbreviated shorthand references" are sometimes sufficient "to put all on notice about the nature of a party's arguments"). But defendant does not dispute that his argument on appeal is a novel one for which there is no existing precedent, nor does he meaningfully explain how his fairness argument to the trial court could possibly have been understood as a "shorthand" reference to the statutory construction issue that he now raises.

In sum, with respect to preservation, if defendant believed that the trial court was relying on an inapplicable procedural rule in conducting his trial, he had to at least point *that* out to the trial court. He might not have needed to fully develop his argument, but he at least needed to tell the court that he disagreed that ORCP 58 B(6) applied. Then the state could have addressed that legal point, and the trial court would have understood that it needed to decide whether ORCP 58 B(6) applied (or explain that it was not relying on ORCP 58 B(6)). Instead, defendant argued only that the closing argument procedure was inherently unfair, which is a fundamentally different issue than whether ORS 136.330 makes ORCP 58 B(6) applicable in a criminal bench trial.

Because defendant's claim of error is unpreserved, that leaves only the question of plain error, *see* ORAP 5.45(1), and we agree with the state that any error is not plain. There are three requirements for plain-error review: "(1) the error must be an error of law; (2) it must be 'apparent,' in that the 'legal point is obvious, not reasonably in dispute'; and

(3) it must appear on the record such that '[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable.'" *State v. Coverstone*, 260 Or App 714, 715, 320 P3d 670 (2014) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). We must use "utmost caution" in exercising our discretion to consider plain error, because of the strong policy reasons favoring preservation. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

Here, it is not "obvious" that ORS 136.330 adopts ORCP 58 B(6) only for purposes of criminal jury trials, rather than all criminal trials. Defendant makes a persuasive argument on appeal, but a persuasive argument does not necessarily equate to an "obvious" legal point that is "not reasonably in dispute," particularly on a matter of first impression. Moreover, the alleged error is not apparent on the record. As previously discussed, we cannot tell whether the trial court actually relied on ORCP 58 B(6), given the limited arguments that the parties made to the trial court and the absence of *any* legal citation by anyone. That alone precludes plain-error review.

Finally, if the trial court did rely on ORCP 58 B(6), it presumably was aware that that rule gave it discretion to vary the manner in which closing arguments were conducted "for good cause stated in the record." ORCP 58 B; *see also State v. Ness*, 54 Or App 530, 535, 635 P2d 1025 (1981), *aff'd on other grounds*, 294 Or 8, 653 P2d 548 (1982) (recognizing trial court's discretion under ORCP 58 B to vary who made the last argument). On appeal, defendant essentially asks us to infer that the court relied on ORCP 58 B(6) and was familiar with its specifications for closing arguments, but then also to infer that the court did not realize that it had discretion under ORCP 58 B. Even if that combination of inferences is reasonable, the contrary inference is that the court realized that it had discretion—under ORCP 58 B or otherwise—and was simply unpersuaded by defendant's fairness argument.[4] The possibility of a contrary inference precludes plain-error review.

---

[4] *Cf. State v. Stevens*, 311 Or 119, 147-48, 806 P2d 92 (1991) (holding that the trial court did not err in rejecting the defendant's argument that it was

In sum, defendant did not preserve his claim of error that the trial court mistakenly relied on ORCP 58 B(6) in deciding to conduct closing arguments in the manner that it did, and we agree with the state that any error is not plain. Accordingly, we affirm.

Affirmed.

---

"fundamentally unfair to allow the prosecution to open final argument and close final argument at the penalty phase"); *State v. Ramsey*, 215 Or App 434, 447-48, 173 P3d 142 (2007), *rev den*, 344 Or 194 (2008) (holding that the trial court did not err in rejecting the defendant's argument that, because he had the burden of persuasion, it was "unfair" to follow ORCP 58 B(6) and allow the state to make a rebuttal closing argument to the penalty-phase jury).