340 November 20, 2024 No. 837

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAURICIO BARBA DURAN,
*Defendant-Appellant.*

Polk County Circuit Court
20CR47561; A177292

Monte S. Campbell, Judge.

Submitted June 20, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patricia G. Rincon, Assistant Attorney General, filed the brief for respondent.

Mauricio Duran filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for rape in the first degree, ORS 163.375, and sodomy in the first degree, ORS 163.405, for acts perpetrated against his stepdaughter, K, who was approximately 10 years old at the time.[1] Defendant advances four assignments of error and two supplemental *pro se* assignments. In his first two assignments of error, defendant contends that the trial court plainly erred in allowing the prosecutor to argue facts not in evidence during rebuttal. In his third and fourth assignments, defendant challenges his 300-month sentences, arguing that, under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution, the sentences are disproportionate on their face and as applied to defendant. In defendant's two supplemental *pro se* assignments, he advances an unpreserved argument that the court erred when it allowed the testimony of his ex-wife, K's mother. As explained below, we conclude, first, that the trial court did not plainly err in failing to *sua sponte* strike the prosecutor's arguments, and that, in any event, we would not exercise our discretion to correct any error. Second, we reject defendant's challenges to the proportionality of his sentences. Finally, we decline to consider defendant's *pro se* supplemental assignments because they are insufficiently developed and do not show reversible error. Accordingly, we affirm.

Because the parties are familiar with the undisputed facts, we do not provide a recitation for this nonprecedential memorandum opinion.

We begin with defendant's first two assignments of error challenging statements made by the prosecutor during rebuttal argument. During the state's rebuttal, which occurred before the trial court instructed the jury, the prosecutor argued:

"[K] didn't even want to talk—she didn't want to say the words on the stand on Tuesday. She didn't want to talk

---

[1] ORS 163.375 and ORS 163.405 have been amended since the underlying conduct at issue in this case. Or Laws 2021, ch 82, §§ 4, 5. Because those amendments do not affect our analysis, we refer to the current version of the statutes in this opinion.

about those parts. She would not have voluntarily come up with th[ese] stories where she would have to, because she wouldn't have had to say it just once. She then would have had to say it at Liberty House once, and then again, for a thorough invest—forensic interview, sorry—she would have had to say it again, and she would have had to have somehow fooled all of these experts who are trained specifically to look for just that. Who are trained specifically to get at the truth when a child is brought before them."

Defendant did not object to the prosecutor's argument.

On appeal, defendant challenges specific parts of the final two sentences—first, that the experts are "trained specifically to get at the truth" and second, that K would have had to have "fooled" the forensic interviewers. He contends that the prosecutor's arguments relied on facts not in evidence. Thus, defendant asserts that the court had a *sua sponte* obligation to strike the prosecutor's statements and that its failure to do so constitutes plain error.

Because defendant did not preserve his arguments advanced on appeal, we must determine whether to exercise our discretion to review his claims as plain error. To review an unpreserved error, it must be "an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If the three elements for plain error are met, we must then decide whether to exercise our discretion to consider the error and explain our reasons for doing so. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

Although we agree with defendant's argument that the purported error is one of law, *State v. Manning*, 290 Or App 846, 849, 417 P3d 509, *rev den*, 363 Or 224 (2018) (explaining that evidence "outside of the record may not be suggested to the jury by any means, including through closing argument"), we conclude that any error in this case is not apparent on the record. That is, because defendant's argument would require us to choose between competing inferences, it does not meet the requirements for plain-error review. *See State v. Gornick*, 340 Or 160, 170, 130 P3d 780

(2006) (concluding that, because "the record does not clearly show that the trial court erred, only that it may have erred," the alleged error was not apparent on the record).

First, although no witness testified directly to being "trained specifically to get at the truth," that is not the only way to read the record given the evidence developed at trial. Hargett, who twice conducted forensic interviews of K, testified about the procedures and guidelines for conducting child forensic interviews and explained that the purpose of the interviews is to "provide children with opportunities in a neutral setting by using open-ended prompts that are neutral, nonleading, legally sound to provide them an opportunity to speak about and recall experiences that they remember." Another witness trained in forensic interviewing, Gould, testified that the guidelines for interviewing children address "questioning, how to engage a child; the line of interviewing a child in a way that allows for a clear disclosure that isn't clouded or isn't leading them down a road." Taken together, another inference that can be drawn from the evidence in the record is that the interviewers were trained on questioning techniques that would allow children to discuss their own experiences and that would not lead them to answer a question a certain way. The jury, of course, was not required to accept that inference; however, because it is a permissible inference given the evidence in the record, we reject defendant's plain-error argument because it would require us to choose between competing inferences.

Second, it is not apparent that the prosecutor's argument that K would have had to have "fooled" all the experts was referencing evidence outside the record. We would have to choose between competing inferences to determine whether the prosecutor was arguing facts not in evidence or arguing to the jury how it should weigh the evidence adduced at trial. Indeed, the prosecutor's argument in that regard was immediately tied to evidence in the record, discussed above, about the interviewers' training. Further, even if the prosecutor's remark in this regard was improper, it is not of the gravity such that defendant was denied a fair trial. *See State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023) (explaining that "prosecutorial statements that

were improper but curable are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial" (emphasis omitted)). Accordingly, we conclude that defendant's arguments do not meet the requirements for plain-error review such that the trial court had a *sua sponte* obligation to strike the prosecutor's statements.[2]

We turn to defendant's third and fourth assignments of error. Defendant argues that the trial court erred when it sentenced him to 300 months in prison and imposed a lifetime term of post-prison supervision (PPS) on each count, asserting that the sentences are disproportionate on their face and as applied to his conduct. Although preservation is disputed by the parties, even assuming defendant adequately preserved his argument for appellate review, we reject it on the merits. Defendant acknowledges that we have previously rejected disproportionality challenges to sentences under ORS 137.700(2)(b) and ORS 144.103(2), which provide for a mandatory 300-month sentence and lifetime PPS for convictions of, among other crimes, first-degree rape and first-degree sodomy where the victim is under 12 years of age.[3] *See, e.g.*, *State v. McCombs*, 330 Or App 545, 544 P3d 390, *rev den*, 372 Or 718 (2024); *State v. Hoover*, 250 Or App 504, 280 P3d 1061, *rev den*, 352 Or 564 (2012); *State v. Alwinger*, 236 Or App 240, 236 P3d 755 (2010). Defendant's arguments do not persuade us that those cases were wrongly decided. *See State v. Civil*, 283 Or App 395, 417, 388 P3d 1185 (2017) (explaining that our standard for overruling precedent is that the decision must be "plainly wrong," which is a "rigorous standard, satisfied only in exceptional

---

[2] Moreover, even if the trial court plainly erred in failing to *sua sponte* strike the prosecutor's statements, we would not exercise our discretion to correct the errors in this case because the trial court and the parties could have corrected any error if there had been an objection at trial. *See State v. Inman*, 275 Or App 920, 935, 366 P3d 721 (2015), *rev den*, 359 Or 525 (2016) (explaining that the "ease with which any error could have been avoided or corrected should be a significant factor in an appellate court's decision whether to exercise its discretion to correct a plain, but unpreserved, error"); *Ailes*, 312 Or at 382 (observing that a court should exercise "utmost caution" in addressing a plain error because "[s]uch an action is contrary to the strong policies requiring preservation and raising of error").

[3] ORS 144.103 has been amended since defendant's underlying conduct. Or Laws 2021, ch 653, § 7. Because the amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

circumstances"). Moreover, we conclude that the sentences are not disproportionate as applied to defendant because of the gravity of his conduct and his criminal history. *See State v. Rodriguez/Buck*, 347 Or 46, 58, 217 P3d 659 (2009) (outlining nonexclusive factors for determining whether a sentence is disproportionate, including the defendant's conduct, the penalty for related crimes, and the defendant's criminal history).

Finally, we consider defendant's two supplemental assignments of error. Defendant argues that his ex-wife should not have been allowed to testify due to her altered state of mind—specifically that she acknowledged having been under the influence of drugs in the past—and because of the duration of time between defendant's acts and her testimony. Defendant did not object to the testimony at trial, and he does not advance any legal authority to support his challenges on appeal or to demonstrate reversible error. Thus, we decline to consider those arguments. *See, e.g.*, *Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) (explaining that we ordinarily "will decline to address an undeveloped argument"); *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (observing that "it is not this court's function to speculate as to what a party's argument might be" or "to make or develop a party's argument when that party has not endeavored to do so itself").

Affirmed.