778 February 12, 2025 No. 95

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM MURRAY BITTLE,
*Defendant-Appellant.*

Marion County Circuit Court
22CR48983; A181438

Daniel J. Wren, Judge.

Submitted December 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals his conviction of strangulation constituting domestic violence, based on evidence that, during a disagreement with his former girlfriend, he placed her in a "chokehold" to the point where she almost blacked out. Defendant raises three unpreserved assignments of error. We conclude that defendant's assignments do not demonstrate plain error and therefore affirm.

In his first and second assignments of error, defendant challenges the trial court's failure to *sua sponte* declare a mistrial in response to rebuttal argument by the prosecutor that he asserts was improper. We have reviewed the entirety of the closing argument, and we are not persuaded that, when viewed in context, the cited comments were obviously improper. We conclude that it would not have been an abuse of discretion for the trial court to have denied a motion for mistrial based on the prosecutor's arguments if one had been requested. Thus, we conclude that the first and second assignments do not present plain error. *See State v. Chitwood*, 370 Or 305, 307, 518 P3d 903 (2022) (describing requirements for plain error review in the context of improper argument by prosecutor).

In his third assignment of error, defendant contends that the trial court erred in failing to *sua sponte* acquit him of strangulation "constituting domestic violence." Defendant's argument is that the offense of strangulation cannot, as a matter of law, be charged as "domestic violence," because a domestic violence offense requires "abuse," which is not an element of the offense of strangulation. Defendant points out that ORS 132.586 permits the state to charge an offense as constituting domestic violence "[w]hen a crime involves domestic violence," *i.e.*, abuse, as defined in ORS 135.230(1). In defendant's view, the phrase "[w]hen a crime involves domestic violence" means that the charged offense must have "abuse" as an element. Strangulation, defendant contends, is not "a crime that involves domestic violence," because the statutory definition of the offense, ORS 163.187, does not require "abuse," as defined in ORS 135.230(1).

Defendant's argument presents an interesting question of statutory construction. The elements of the offense of strangulation are set out in ORS 163.187(1):

> "A person commits the crime of strangulation if the person knowingly impedes the normal breathing or circulation of the blood of another person by:

> "(a)   Applying pressure on the throat, neck or chest of the other person; or

> "(b)   Blocking the nose or mouth of the other person."

An offense may be charged as a crime "constituting domestic violence" as provided in ORS 132.586(2):

> "When a crime involves domestic violence, the accusatory instrument may plead, and the prosecution may prove at trial, domestic violence as an element of the crime. When a crime is so pleaded, the words 'constituting domestic violence' may be added to the title of the crime."

ORS 135.230(3), in turn, defines "domestic violence," for purposes of ORS 132.586, as "abuse between family or household members." The term "abuse," for purposes of ORS 135.230, is defined in ORS 135.230(1):

> "(a)   Attempting to cause or intentionally, knowingly or recklessly causing physical injury;

> "(b)   Intentionally, knowingly or recklessly placing another in fear of imminent serious physical injury; or

> "(c)   Committing sexual abuse in any degree as defined in ORS 163.415, 163.425 and 163.427."

Defendant argues that, for an offense to be charged as "constituting domestic violence," "abuse," as defined in ORS 135.230(1), must be an element of the offense. The offense of strangulation does not include "abuse" as an element. For that reason, defendant contends, it is "obvious" that strangulation cannot be an offense "constituting domestic violence," and it is legally erroneous to charge strangulation as an offense constituting domestic violence. Thus, defendant asserts, the trial court plainly erred in failing to *sua sponte* acquit defendant of the strangulation charge. *See State v. Terry*, 333 Or 163, 180, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002) (Plain error exists when (1) the error is an error of law; (2) the point is obvious, *i.e.*, not reasonably in dispute; and (3) and the court is not required to go outside the record or select among competing inferences.).

The state responds that defendant's construction is not "obvious," so as to permit review of the asserted unpreserved error, and we agree.[1] Legal error is "obvious" when it is beyond reasonable dispute. *State v. Serrano*, 355 Or 172, 179-80, 324 P3d 1274 (2014). We agree with the state. It is not "obvious" that the legislature intended that an offense can be charged as a crime "constituting domestic violence" only if the elements of the offense require proof of abuse. Another plausible construction of the phrase "[w]hen a crime involves domestic violence" is that an offense can be charged as a crime "constituting domestic violence" when the *commission* of the offense involved domestic violence, even if the charged offense does not have "abuse" as an element. That defeats defendant's contention that the asserted legal construction is obvious. *See State v. Stacey*, 302 Or App 470, 478, 459 P3d 261 (2020) ("a persuasive argument does not necessarily equate to an 'obvious' legal point that is 'not reasonably in dispute,' particularly on a matter of first impression."). For that reason, we conclude that defendant has not established plain error.

Affirmed.

---

[1] The state also responds that, because the jury found that the offense constituted domestic violence, the jury necessarily found that defendant committed abuse within the meaning of ORS 135.230. The record shows that the trial court instructed the jury on the definition of "domestic violence" and "abuse."